Ryan P. Steen (Bar No. 0912084)
ryan.steen@stoel.com
Jason T. Morgan (Bar No. 1602010)
jason.morgan@stoel.com
James C. Feldman (Bar No. 1702003)
james.feldman@stoel.com
STOEL RIVES LLP
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: 206.624.0900
Facsimile: 206.386.7500

Attorneys for ConocoPhillips Alaska, Inc.



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, ALASKA WILDERNESS LEAGUE, DEFENDERS OF WILDLIFE, NORTHERN ALASKA ENVIRONMENTAL CENTER, SIERRA CLUB, and THE WILDERNESS SOCIETY,

Plaintiffs,

v.

BUREAU OF LAND MANAGEMENT, U.S. FISH & WILDLIFE SERVICE, U.S. DEPARTMENT OF THE INTERIOR, DAVID BERNHARDT, in his official capacity as Secretary of the Interior, and CHAD PADGETT, in his official capacity as State Director for the Bureau of Land Management Alaska,

Defendants.

No.: 3:20-cv-00290-SLG

**MOTION TO INTERVENE BY CONOCOPHILLIPS ALASKA, INC.**

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

## I. INTRODUCTION

ConocoPhillips Alaska, Inc. ("ConocoPhillips") is Alaska's largest oil producer and is actively involved in exploring for and developing new resources in Alaska. In furtherance of that exploration and development, ConocoPhillips sought and received approval from the Bureau of Land Management ("BLM") for the Willow Master Development Plan ("MDP") in the National Petroleum Reserve-Alaska ("NPR-A"). The Willow MDP is essential to ConocoPhillips' ability to develop resources on NPR-A lands that the federal government has designated for oil and gas leasing, and in which ConocoPhillips has made substantial investments over many years. In this lawsuit, the Plaintiffs seek to invalidate the federal approval of the Willow MDP.[1] ConocoPhillips seeks to intervene because the claims asserted and relief requested by Plaintiffs directly threaten its significant interests in the Willow MDP and its development of the federal NPR-A leases it has purchased.[2]

## II. BACKGROUND

### A. Exploration in the NPR-A.

The NPR-A is a federally designated area on Alaska's North Slope, encompassing nearly 23 million acres. BLM manages the NPR-A under the Naval Petroleum Reserves

[1] *See* Dkt. 1 (Complaint) ¶ 5, Request for Relief.

[2] Federal Defendants take no position on ConocoPhillips' motion to intervene. Plaintiffs have reserved their position on ConocoPhillips' motion to intervene.

Production Act, as amended, and its implementing regulations,[3] which require, among other things, that the Secretary of Interior "shall conduct an expeditious program of competitive leasing of oil and gas"[4] in the NPR-A. For the portions of the NPR-A where leasing occurs, BLM's administration involves a three-stage process: (1) leasing; (2) exploration; and (3) development.[5] Each stage is subject to independent decision-making and approval by BLM (as well as by other local, state, and federal agencies), and each stage requires National Environmental Policy Act ("NEPA") review.[6]

ConocoPhillips has acquired oil and gas leases covering just over one million acres in the NPR-A.[7] ConocoPhillips has taken a careful, progressive approach to NPR-A exploration and development, starting with the CD5 satellite drill site, which began production in 2015, and continuing with the Greater Mooses Tooth - 1 satellite drill site, which began production in 2018. ConocoPhillips is presently constructing the Greater Mooses Tooth - 2 satellite drill site, which is forecast to begin production in the fourth quarter of 2021.[8]

---

[3] *See* 42 U.S.C. § 6501, *et seq*.

[4] *Id.* § 6506a(a).

[5] *N. Alaska Envtl. Ctr. v. Kempthorne*, 457 F.3d 969, 977 (9th Cir. 2006); 43 C.F.R. pts. 3000, 3130, 3150, 3160.

[6] *N. Alaska Envtl. Ctr.*, 457 F.3d at 977.

[7] Declaration of Connor Dunn ("Dunn Decl.") ¶ 4.

[8] *Id.*

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

**B. The Willow Discovery and Permitting Process.**

ConocoPhillips first identified the Willow discovery during the 2015-2016 winter exploration season.[9] The Willow discovery is located in the northeast portion of the NPR-A in the Bear Tooth Unit, which is an oil and gas unit administered by the BLM, composed entirely of federal oil and gas leases, and located entirely within the NPR-A.[10]

ConocoPhillips initiated the permitting process by requesting that BLM prepare an Environmental Impact Statement ("EIS") for the Willow MDP on May 10, 2018.[11] In fall 2018, several public scoping meetings were held in the communities of Nuiqsut, Utqiaġvik (Barrow), Anaktuvuk Pass, Atqasuk, Fairbanks, and Anchorage.[12] A Draft EIS was published on August 30, 2019, followed by a public comment period and another series of public meetings in the above-mentioned communities.[13] ConocoPhillips made project modifications in response to public comments received on the Draft EIS, and BLM published a Supplemental Draft EIS in March 2020, providing another opportunity

[9] *Id.* ¶ 5.

[10] *Id.*

[11] *Id.* ¶ 6; U.S. Dep't. of the Interior, Bureau of Land Management, *Willow Master Development Plan Record of Decision* at 1 (Oct. 2020), https://eplanning.blm.gov/public_projects/109410/200258032/20029172/250035373/2020-10-27_ROD_508.pdf ("Record of Decision").

[12] Record of Decision at 10.

[13] *Id.*; 84 Fed. Reg. 45,801 (Aug. 30, 2019).

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

for public review and comment.[14] Pursuant to Section 7 of the Endangered Species Act ("ESA"), BLM completed the appropriate consultations with the U.S. Fish and Wildlife Service ("FWS") and the National Marine Fisheries Service.[15] BLM's permitting process culminated with the publication of the Final EIS on August 14, 2020, and subsequent issuance of the Record of Decision ("ROD") on October 27, 2020.[16] In response to a request from ConocoPhillips, BLM limited the ROD to authorization of three drill sites (BT1, BT2, BT3) to allow additional consultation with the Nuiqsut community about drill sites BT4 and BT5, for which construction is not scheduled to begin until 2026.[17]

**C. Plaintiffs' Legal Challenge.**

Plaintiffs challenge the federal approval for the Willow MDP and the associated NEPA and ESA decisions. Plaintiffs take issue with BLM's conclusion that the Willow project will not result in significant environmental impacts beyond those addressed in the Willow MDP EIS.[18] They also disagree with FWS's Biological Opinion, issued pursuant to ESA Section 7, concluding that the Willow MDP will not jeopardize the continued existence of the polar bear or adversely modify the species' critical habitat. Plaintiffs seek

[14] Dunn Decl. ¶ 6; 85 Fed. Reg. 17,097 (Mar. 26, 2020).

[15] Record of Decision at 12.

[16] 85 Fed. Reg. 49,677 (Aug. 14, 2020).

[17] Dunn Decl. ¶ 6.

[18] Dkt. 1 ¶¶ 3-4, Request for Relief.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

to "[v]acate and set aside as unlawful the Willow ROD, FEIS, BiOp, and any decisions that rely on these documents."[19]

## D. ConocoPhillips' Interest in this Litigation.[20]

ConocoPhillips has made a substantial investment in NPR-A exploration and development programs, and in the Willow MDP in particular. With all requisite federal and state approvals, ConocoPhillips drilled the Willow discovery wells during the 2015-2016 winter exploration season and subsequently acquired 65 leases in the 2016 NPR-A Lease Sale for a high-bid total of over $18.5 million. Although ConocoPhillips initially acquired the leases as part of a joint venture with Anadarko E&P Onshore LLP, ConocoPhillips has since acquired 100 percent ownership interest in the leases and is the sole owner of the oil and gas leases in the Bear Tooth Unit. ConocoPhillips has spent approximately $500 million in lease acquisition, exploration and appraisal drilling, conceptual engineering, permitting, and other expenditures to locate and methodically advance the Willow discovery into a viable development project, culminating in the BLM's approval of the project.

BLM's Record of Decision approving the Willow MDP authorizes ConocoPhillips to construct up to three drill sites, and related support infrastructure including a central

[19] Dkt. 1, Request for Relief.

[20] Unless otherwise noted, all facts stated in this subsection are supported by the Declaration of Connor Dunn.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

processing facility, airstrip, operations center, freshwater reservoir, all-season gravel road connecting the Willow development to the Greater Moose's Tooth - 2 development within the NPR-A, as well as infield gravel roads and pipelines connecting the Willow facilities.[21] The ROD also authorizes ConocoPhillips to construct ice roads, which will primarily be used during project construction, as well as up to three boat ramps for the benefit of local subsistence users.[22] Subject to timely receipt of additional required project authorizations, including from the U.S. Army Corps of Engineers, ice road construction may begin in the second half of January 2021, and surface disturbing activities at the gravel mine site may begin in the first half of February 2021.

This litigation impacts a broad range of ConocoPhillips' interests in Alaska. On the most specific level, ConocoPhillips invested significant amounts of time and money to obtain BLM's approval of the Willow MDP. Plaintiffs' lawsuit seeks to impair or eliminate those interests by either undermining BLM's supporting environmental analyses or vacating BLM's approval of the Willow MDP in its entirety.[23] Plaintiffs' claims, if successful, will have a major adverse impact on ConocoPhillips' business interests by creating uncertainty or delay for construction of the Willow facilities, potential loss of significant investments made on the basis of reasonable expectations,

[21] Record of Decision at 3.

[22] *Id.*

[23] *See* Dkt. 1 ¶ 5, Request for Relief.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

and an impaired ability to plan and permit future exploration or development projects in the NPR-A.

## III. ARGUMENT

### A. ConocoPhillips Is Entitled to Intervene as of Right.

The Ninth Circuit has adopted a four-part test to determine whether a party should be permitted to intervene as of right: (1) the motion must be timely; (2) the movant must claim a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the movant must be so situated that the disposition of the action may, as a practical matter, impair or impede the movant's ability to protect that interest; and (4) the movant's interest must not be adequately represented by the existing parties to the action.[24] Consistent with all other federal courts of appeal, the Ninth Circuit applies this test broadly in favor of intervention:

> A liberal policy in favor of intervention serves both efficient resolution of issues and broadened access to the courts. By allowing parties with a *practical* interest in the outcome of a particular case to intervene, we often prevent or simplify future litigation involving related issues; at the same time, we allow an additional interested party to express its views before the court.[25]

---

[24] *Smith v. Marsh*, 194 F.3d 1045, 1049 (9th Cir. 1999) (internal quotation marks and citation omitted).

[25] *United States v. City of L.A., Cal.*, 288 F.3d 391, 397-98 (9th Cir. 2002) (internal quotation marks and citation omitted; emphasis in original); *Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. United States*, 921 F.2d 924, 926 (9th Cir. 1990).

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

Thus, courts assess a motion to intervene "primarily by practical considerations, not technical distinctions."[26] As discussed below, ConocoPhillips meets each of the requirements for intervention as of right.

**1. ConocoPhillips' motion is timely.**

When evaluating timeliness, the Ninth Circuit considers (1) the stage of the proceedings, (2) any prejudice to the existing parties, and (3) the reasons for and length of any delay.[27] This litigation was recently filed and is in its preliminary stages. Defendants have not yet filed their answer, and the administrative record has not been lodged. ConocoPhillips has acted swiftly and without delay to seek intervention, and no party will be prejudiced by ConocoPhillips' intervention. ConocoPhillips has submitted a proposed answer to the Complaint along with this motion to avoid any possible delay. Intervention is routinely considered timely at this litigation stage, and no prejudice, delay, or inefficiency will result from ConocoPhillips' intervention.[28]

---

[26] *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001). (internal quotation marks and citation omitted).

[27] *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997).

[28] *Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (motion deemed timely when filed less than three months after complaint was filed and less than two weeks after Forest Service's answer).

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

### 2. ConocoPhillips has a significant protectable interest in the resolution of this action.

A significant protectable interest exists when an applicant "asserts an interest that is protected under some law" and "there is a relationship between [the applicant's] legally protected interest and the plaintiff's claims."[29] The interest requirement of Rule 24(a) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process."[30] Accordingly, "[n]o specific legal or equitable interest need be established" for the Rule 24 test to be satisfied.[31] To satisfy the "relationship" requirement, an applicant must show that resolution of the plaintiff's claims will affect the applicant.[32]

ConocoPhillips has significant and well-demonstrated regulatory, property, and economic interests that are directly at stake in the present litigation. As described above, ConocoPhillips has a significant investment in the Willow MDP.[33] ConocoPhillips also

[29] *City of L.A.*, 288 F.3d at 398 (internal quotation marks and citation omitted); *id.* (relationship requirement is met where "resolution of the plaintiff's claims actually will affect the applicant" (internal quotation marks and citation omitted)); *see Sierra Club*, 995 F.2d at 1484 (intervenor's interest need not be protected by statute put at issue by complaint so long as it is protected by law and relates to claim).

[30] *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967); *see Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

[31] *Sw. Ctr. for Biological Diversity* 268 F.3d at 818 (internal quotation marks and citation omitted).

[32] *Donnelly v. Glickman*, 159 F.3d 405, 410 (9th Cir. 1998).

[33] *See* Dunn Decl. ¶¶ 5-8.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

expended substantial resources for activities leading up to BLM's approval of the Willow MDP, including acquiring the oil and gas leases in the NPR-A, selecting the specific well locations on which to drill exploration wells, and applying for and acquiring the necessary permits.[34] Plaintiffs' lawsuit directly challenges BLM's decision to allow ConocoPhillips to proceed with the Willow project.

The Ninth Circuit has explicitly recognized that property and contractual stakes in an action are protectable interests sufficient to warrant intervention when those interests have a close relationship to the claims at issue in the litigation.[35] Lessee interests in leases issued by BLM or other federal agencies have also been found to be significantly protectable and sufficient to warrant intervention.[36] Accordingly, ConocoPhillips satisfies the second prong of the intervention test because this lawsuit has the potential to adversely impact ConocoPhillips' current and future exploration and development activities and, by extension, its rights under its existing NPR-A leases.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

---

[34] *Id.*

[35] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 820 (finding a significant protectable interest in a contract); *Wilderness Soc'y*, 630 F.3d at 1179 (holding that there is "a sufficient interest for intervention purposes if [a prospective intervenor] will suffer a practical impairment of its interests as a result of the pending litigation" (internal quotation marks and citation omitted)).

[36] *See, e.g.*, *Defs. of Wildlife v. Bureau of Ocean Energy Mgmt.*, No. 10-0254-WS-C, 2010 WL 5139101, at *2 (S.D. Ala. Dec. 9, 2010).

### 3. Disposition in favor of Plaintiffs will harm ConocoPhillips' interests.

The test for impairment under Rule 24 focuses on practical effects. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene . . . ."[37] Intervention as of right is particularly appropriate when, as here, the relief sought is injunctive.[38]

The purpose of Plaintiffs' claims in this litigation is to invalidate the federal action (BLM's ROD approving the Willow MDP and the associated Final EIS and Biological Opinion) that allows ConocoPhillips to conduct development activities for the Willow project.[39] If Plaintiffs are successful in their claims, and the ROD, Final EIS, and Biological Opinion are vacated, ConocoPhillips stands to lose the ability to develop the oil and gas resources authorized by the Willow MDP and, relatedly, the substantial investments it has made in the Willow project.[40] Less draconian remedies or forms of injunctive relief could also impose substantial additional costs from delay or increased

[37] Fed. R. Civ. P. 24 advisory committee's note, *quoted in Citizens for Balanced Use*, 647 F.3d at 898.

[38] *See City of L.A.*, 288 F.3d at 399; *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (where relief sought by plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests, the party satisfies the "interest" test); Dkt. 1 at 64 (requesting the Court "[e]nter appropriate injunctive relief").

[39] *See* Dkt. 1 at 63–64 (Request for Relief).

[40] Dunn Decl. ¶ 9.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

regulatory burdens.[41] In addition, an adverse ruling in this case could impact ConocoPhillips' ability to conduct future exploration and development programs in the NPR-A.[42] ConocoPhillips satisfies the third prong of the intervention test.

**4. Defendants do not adequately represent ConocoPhillips' interests.**

ConocoPhillips' interests are sufficiently different from those of Defendants to warrant intervention. The burden of demonstrating inadequate representation is minimal. ConocoPhillips need only show that its interests are different from the existing parties' interests such that their representation "may be" inadequate.[43] The Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.[44]

Here, the interests and perspectives of ConocoPhillips as a non-federal entity with a direct economic stake in this controversy are very different from the interests of BLM as a federal regulatory agency. When parties, such as ConocoPhillips, have private interests,

---

[41] *Id.*

[42] *Id.*

[43] *Citizens for Balanced Use*, 647 F.3d at 898; *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823; *Nuesse*, 385 F.2d at 703.

[44] *City of L.A.*, 288 F.3d at 398 (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996)).

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

as opposed to the government's "public" interests, this difference is sufficient to justify intervention.[45]

Moreover, ConocoPhillips' participation in the litigation would likely aid the Court's consideration of the issues in this case. ConocoPhillips would be the only entity in this litigation with on-the-ground experience developing oil and gas resources in the NPR-A in an environmentally responsible manner. ConocoPhillips will likely make arguments that will aid the Court's understanding of the issues in this case that will not be made by other parties to the litigation.

**B. Alternatively, ConocoPhillips Is Entitled to Permissive Intervention.**

As with intervention as of right, permissive intervention is construed liberally in favor of the moving party.[46] Permissive intervention should be allowed under Fed. R. Civ. P. 24(b) as long as the applicant for intervention establishes that "(1) it shares a common question of law or fact with the main action; (2) its motion is timely; and (3) the court has an independent basis for jurisdiction over the applicant's claims."[47] Under this

[45] *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 823-24; *Sierra Club v. Espy*, 18 F.3d 1202, 1208 (5th Cir. 1994); *County of Fresno v. Andrus*, 622 F.2d 436, 438–39 (9th Cir. 1980); *Nat'l Res. Def. Council v. Costle*, 561 F.2d 904, 912 (D.C. Cir. 1977).

[46] *City of L.A.*, 288 F.3d at 397–98.

[47] *Donnelly*, 159 F.3d at 412.

STOEL RIVES LLP
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

standard, neither the inadequacy of representation nor a direct interest in the subject matter of the action need be shown.[48]

As addressed above, ConocoPhillips' interests are placed directly at stake by the claims alleged by Plaintiffs. As the private party that will be most directly and adversely affected by the relief sought by Plaintiffs—indeed, as the target of this lawsuit in all practical terms—ConocoPhillips' interests present issues of law and fact common to the main action. In addition, ConocoPhillips' motion to intervene is timely and will not prejudice the existing parties. Accordingly, if this Court were to deny ConocoPhillips' motion to intervene as of right, permissive intervention should be granted.[49]

## IV. CONCLUSION

For the foregoing reasons, ConocoPhillips respectfully requests that the Court grant its motion for leave to intervene as of right under Fed. R. Civ. P. 24(a). In the alternative, ConocoPhillips respectfully requests that it be granted permissive intervention under Fed. R. Civ. P. 24(b).

---

[48] *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1108 (9th Cir. 2002), *overruled in part on other grounds by Wilderness Soc'y*, 630 F.3d at 1178.

[49] *See Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 844 (9th Cir. 2011) (explaining that "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims").

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

DATED: December 7, 2020.

Respectfully submitted,

STOEL RIVES LLP

By: */s/ Ryan P. Steen*
Ryan P. Steen (Bar No. 0912084)
Jason T. Morgan (Bar No. 1602010)
James C. Feldman (Bar No. 1702003)

Attorneys for ConocoPhillips Alaska, Inc.

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2020, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court of Alaska by using the CM/ECF system. Participants in this Case No. 3:20-cv-00290-SLG who are registered CM/ECF users will be served by the CM/ECF system.

| | |
|---|---|
| Brian Litmans | blitmans@trustees.org |
| Bridget Earley Psarianos | bpsarianos@trustees.org |
| Brook Brisson | bbrisson@trustees.org |
| Suzanne Bostrom | sbostrom@trustees.org |

*/s/ Ryan P. Steen*
Ryan P. Steen

108936005.4 0028116-00157

**STOEL RIVES LLP**
600 University Street, Suite 3600, Seattle, WA 98101
*Main (206) 624-0900 Fax (206) 386-7500*