Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
bpsarianos@trustees.org
sbostrom@trustees.org
bbrisson@trustees.org
blitmans@trustees.org

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants, <br><br> and <br> CONOCOPHILLIPS ALASKA, INC., <br><br> Intervenor-Defendant. | Case No. 3:20-cv-00290-SLG |

## PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT
(F. Rule. Civ. P. 15(d); Local Civil Rule 15.1)

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG                                    Page 1 of 8

Case 3:20-cv-00290-SLG   Document 22   Filed 01/15/21   Page 1 of 8

Pursuant to Federal Rule of Civil Procedure 15(d) (Rule 15(d)) and Local Civil Rule 15.1, Plaintiffs Sovereign Iñupiat for a Living Arctic, *et al.* (collectively "Plaintiffs"), move the Court for leave to supplement their Complaint to include allegations and claims regarding the U.S. Army Corps of Engineers' (Corps) approval of the Willow Master Development Plan (Willow).[1] Plaintiffs meet the standard under Rule 15(d) because there is a strong relationship between their original claims and the proposed supplemental claims and because supplementation will "avoid the cost, delay and waste of separate actions" and allow the Court "to award complete relief . . . in one action."[2] Federal Defendants take no position on this motion; Defendant ConocoPhillips' Alaska, Inc. do not oppose this motion.

Rule 15(d) is intended to "promote as complete an adjudication of the dispute between the parties as is possible."[3] Courts have "broad discretion" in ruling on Rule 15(d) motions to promote judicial efficiency and granting leave to supplement is "favored."[4] In considering a motion to supplement, courts assess whether "some relationship" exists "between the newly alleged matters and the subject of the original

---

[1] *See* attached [Proposed] First Amended and Supplemental Complaint for Declaratory and Injunctive Relief.
[2] *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988) (quoting *New Amsterdam Casualty Co. v. Waller*, 323 F.2d 20, 28–29 (4th Cir. 1963), cert. denied, 376 U.S. 963 (1964)).
[3] FEDERAL PRACTICE AND PROCEDURE § 1504, at 536 (1971).
[4] *Volpe*, 858 F.2d at 473.

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG        Page 2 of 8

action."[5] Where some relationship exists, courts focus on judicial efficiency and whether complete relief may be awarded in one action.[6] Leave to supplement should be granted where a plaintiff seeks to include allegations that "arise from the same concern" as the original complaint and involve the same plaintiffs as well as similar legal claims.[7] This is especially true where judicial efficiency would be served due to the court's familiarity with issues common to both existing and proposed supplemental claims.[8] Courts may also consider undue delay, bad faith, or futility in assessing motions to supplement pleadings.[9] Leave to supplement should be granted unless undue prejudice would result.[10]

---

[5] *Id.* at 474.
[6] *Id.* at 473.
[7] *See Cota v. Maxwell-Jolly*, 2011 WL 2182724, at *4 (N.D. Cal. June 2, 2011) (granting leave to supplement complaint where new claims concerned "the same program, the same State agency, same legal claims and substantially the same plaintiff class"); *see also San Luis & Delta-Mendota Water Auth. v. U.S. Dep't of Interior*, 236 F.R.D. 491, 499 (E.D. Cal. 2006) (granting leave to supplement complaint where new claims concerned interpretation of the same statute and involved the same plaintiffs).
[8] *See Cota*, 2011 WL 2182724, at *4 (considering the court's experience with the challenged program in allowing supplementation); *see also San Luis*, 236 F.R.D. at 499 ("The district Court has developed extensive knowledge of the relevant law, background, and scientific considerations . . . . Retaining the new claims as part of the existing case serves the interests of judicial economy.").
[9] In assessing motions under Federal Rule of Civil Procedure 15(a) and (d), courts often consider applicable standards and factors interchangeably. *See, e.g.*, *LaSalvia v. United Dairymen of Arizona*, 804 F.2d 1113, 1119 (9th Cir. 1986) (relying on a case concerning amendment of a complaint under Rule 15(a), for the proposition that motions "pursuant to Rule 15(d) should be granted [u]nless undue prejudice to the opposing party will result").
[10] *Volpe*, 858 F.2d at 475 (stating courts "liberally construe Rule 15(d) absent a showing of prejudice to the defendant").

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG                                          Page 3 of 8

Plaintiffs' original Complaint includes claims related to the Bureau of Land Management's (BLM) and U.S. Fish and Wildlife Service's (FWS) actions to approve Willow.[11] Soon after Plaintiffs filed their Complaint, the U.S. Army Corps of Engineers (Corps) publicly issued its Record of Decision (ROD) approving Willow's Clean Water Act (CWA) Section 404 permit.[12] The newly issued decision approves ConocoPhillips' discharge of 5.3 million cubic yards of material into 481.1 acres of waters of the U.S.[13] The proposed supplemental Complaint seeks to assert the same National Environmental Policy Act (NEPA) claims against the Corps as are currently pending against BLM, and raises two additional CWA claims against the Corps.

The proposed supplemental NEPA and CWA claims are closely related to Plaintiffs' original claims because they concern the federal approvals for Willow in the National Petroleum Reserve-Alaska (Reserve), and rely on many of the same challenged agency documents and decisions. The Corps relies exclusively on the final Environmental Impact Statement (FEIS) prepared by BLM to fulfill the Corps' NEPA obligations for Willow.[14] Plaintiffs challenge the sufficiency of the EIS, raising claims that implicate many resources of concern for the Corps, particularly the failure to take a hard look at the

---

[11] Compl., ECF No. 1 at 53–63.
[12] DEPT. OF THE ARMY, RECORD OF DECISION AND PERMIT EVALUATION, ALASKA DISTRICT, WILLOW DEVELOPMENT PROJECT (2020) [hereinafter Corps ROD].
[13] *Id.* at 3.
[14] *Id.* at 2.

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG                                    Page 4 of 8

Case 3:20-cv-00290-SLG   Document 22   Filed 01/15/21   Page 4 of 8

impacts of Willow on aquatic resources. The Corps ROD also solely relies on BLM's FEIS to compare and provide baseline information, quantification of Willow's impacts to wetlands between alternatives, and to describe the potential cumulative and secondary effects of Willow.[15] These findings and analyses are relevant to the Corps' obligations under both NEPA and the CWA, and the BLM's analysis of these impacts are subject to challenge by Plaintiffs in their original claims.

Supplementation will serve the interest of judicial economy as the addition of Plaintiff's claims against the Corps will allow for the entire controversy between the parties to be addressed in one action. Plaintiffs' proposed NEPA and CWA claims arise from the same concerns raised in their Complaint — whether the EIS for Willow adequately considered the project's direct, indirect and cumulative impacts for purposes of federal permitting requirements. Plaintiffs asked this Court to vacate and declare invalid any decisions made and permits issued in reliance on the Willow final EIS.[16] The proposed NEPA and CWA claims concern the same challenged project, related legal claims, and the same plaintiffs as the original complaint. Inclusion of the proposed NEPA and CWA claims against the Corps will, therefore, place claims related to both agencies' approvals squarely before the Court and will ensure the entirety of the parties' dispute is

---

[15] *Id*. at 9, 53.
[16] Compl., ECF No. 1 at 63–64.

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG          Page 5 of 8

Case 3:20-cv-00290-SLG   Document 22   Filed 01/15/21   Page 5 of 8

addressed. In addition, supplementation will promote judicial efficiency because the Court is currently considering a motion for preliminary injunction in this case[17] and will be familiar with Willow and many of the relevant issues.

Inclusion of claims against the Corps will not prejudice the Defendants because the proposed supplemental claims are implicated by Plaintiffs' existing claims and requested remedies, and the Court has yet to fully consider the merits of any claims. There is no indication that inclusion of these easily anticipated claims against the Corps would result in any prejudice to Defendants, let alone the "obvious prejudice" required to overcome the preference for supplementation.[18] There is also no evidence of undue delay or bad faith as the proposed claims against the Corps ripened last month. Additionally, both the Complaint and recent motion for a temporary restraining order and preliminary injunction identified the Corps' role in permitting Willow and addressed the Corps' reliance on BLM's EIS.[19] Finally, leave to supplement should be granted because Plaintiffs' ripe cognizable claims against the Corps are not futile.

---

[17] Pls.' Mot. for TRO & Prelim. Inj., ECF No. 17.
[18] *See LaSalvia*, 804 F.2d at 1119 (finding abuse of discretion where the lower court denied a motion to amend a complaint on grounds that the plaintiffs had known of the alleged conduct for three years because the resulting prejudice — reopening minimal discovery — did not amount to "obvious prejudice").
[19] Pls.' Mem. In Supp. of TRO & Prelim. Inj., ECF No. 17 at 5, 8, 15.

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG  Page 6 of 8

Given the close relationship between Plaintiffs' original claims and the proposed claims against the Corps, and the interest of judicial economy, leave to supplement should be granted.[20]

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' motion to supplement their Complaint.

Respectfully submitted, this 15th day of January, 2021.

    s/ Bridget Psarianos
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs*

---

[20] *Volpe*, 858 F.2d at 473.

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG     Page 7 of 8

## Certificate of Service

      I certify that on January 15, 2021, I caused a copy of the PLAINTIFFS' MOTION TO SUPPLEMENT COMPLAINT, [PROPOSED] FIRST AMENDED AND SUPPLEMENTAL COMPALINT, and [PROPOSED] ORDER to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case. Attorneys of record not registered in the CM/ECF system for this case will be served via electronic mail.

                                              s/ Bridget Psarianos
                                              Bridget Psarianos

Pls.' Mot. to Suppl. Compl.
*Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*
Case No. 3:20-cv-00290-SLG                                                            Page 8 of 8

Case 3:20-cv-00290-SLG   Document 22  Filed 01/15/21  Page 8 of 8