Eric B. Fjelstad
EFjelstad@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
Telephone:  907.263.6973
Facsimile:  907.263.6473

Stacey Bosshardt (*pro hac vice* pending)
SBosshardt@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C.  20005-3960
Telephone:  202.654.6200
Facsimile:  202.654.6211

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| SOVEREIGN INUPIAT FOR A LIVING ARCTIC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants. | **Case No. 3:20-cv-00290-SLG** |

**ARCTIC SLOPE REGIONAL CORPORATION'S MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

INTEREST OF THE AMICUS CURIAE ............................................................1

BACKGROUND ..................................................................................................3

ARGUMENT ........................................................................................................4

    I.    ASRC's Brief is Consistent with the Rules Governing Amicus Briefs in the Courts of Appeals. ..........................................................4

    II.    ASRC's Interest and Perspective are Distinct From Those of any Other Party. ...............................................................................5

    III.    The Information in the Brief will Assist the Court's Resolution of the Pending Motions. ...................................................................7

CONCLUSION .....................................................................................................8

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.*
Case No. 3:20-cv-00290-SLG
Page **1** of **1**

Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 2 of 12

# INTRODUCTION

Proposed amicus curiae Arctic Slope Regional Corporation (ASRC) hereby moves this Court for leave to file the attached amicus brief in support of the defendants' Briefs in Opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction. Under Local Civil Rule 7.1(b)(2), a proposed order is attached to this filing. ASRC's proffered brief, submitted in conjunction with this motion, provides the Court with information about the benefits of the Project to ASRC, its shareholders, and Alaska Natives that live in the affected area.

Counsel for ASRC contacted counsel for all parties prior to filing this motion to request their consent. Undersigned counsel has conferred with counsel for Plaintiffs in this case, who advised that Plaintiffs would not oppose a short brief filed by the close of business on January 16, 2021. Counsel for Federal Defendants advised that they take no position on the motion. Counsel for ConocoPhillips also does not oppose the motion.

# INTEREST OF THE AMICUS CURIAE

An amicus is a "friend of the court" and participates to assist the court in its proceedings. *See Miller-Wohl Co. v. Commissioner of Labor & Industry,* 694 F.2d 203, 204 (9th Cir.1982) (amici fulfill the classic role of amicus curiae by assisting in a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration). Participation by proposed amicus ASRC will serve these functions, as discussed *infra*, Sections I-III.

ASRC is one of twelve land-owning Alaska Native regional corporations

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.*
Case No. 3:20-cv-00290-SLG
PAGE **1** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 3 of 12

established pursuant to the Alaska Native Claims Settlement Act of 1971 (ANCSA).[1] ASRC's region is the North Slope of Alaska and encompasses 55 million acres. The North Slope region includes the villages of Point Hope, Point Lay, Wainwright, Atqasuk, Utqiaġvik (formerly Barrow), Nuiqsut, Kaktovik, and Anaktuvuk Pass. The residents of these villages are also residents of the North Slope Borough. The Borough's residents are predominantly Iñupiat people, and they comprise many of the approximately 13,000 Alaska Native owners of ASRC.

Within the North Slope region, ASRC also holds title to approximately five million acres of land conveyed to it under ANCSA, much of it with energy, mineral and other resource potential. Among many other efforts, ASRC pursues and benefits from natural resource development on and near its lands. Its shareholders also depend on subsistence resources from the land as well as the rivers and ocean, as they have for millennia. ASRC also represents the business interests of the Iñupiat of the Arctic Slope and is the largest Alaskan-owned and operated company, spanning six major business segments.

Under ANCSA, Congress created Native corporations, including ASRC, "to provide benefits to its shareholders who are Natives or descendants of Natives or to its shareholders' immediate family members who are Natives or descendants of Natives to

---

[1] 43 U.S.C. § 1601 *et seq.*

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.,*
Case No. 3:20-cv-00290-SLG
PAGE **2** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 4 of 12

promote the health, education or welfare of such shareholders or family members."[2] Consistent with this unique Congressional mandate, ASRC is committed both to providing sound financial returns to its shareholders in the form of jobs and dividends, and to preserving the Iñupiat way of life, culture and traditions, including the ability to hunt for food to provide for its communities. A portion of ASRC's revenues are invested in initiatives that promote and support an educated shareholder base, healthy communities, and sustainable local economies.

ASRC's perspective is based on the dual realities that its Iñupiat culture and communities depend upon a healthy ecosystem and subsistence resources as well as natural resource development as the foundation of a sustained North Slope economy. The Willow Master Development Plan Project (Project) challenged in this case represents the type of oil and gas development that balances these interests, and ASRC therefore has an interest in its prompt and successful implementation.

## BACKGROUND

The action Plaintiffs challenge is the Bureau of Land Management's (BLM) approval of a development plan by ConocoPhillips to produce and transport oil and gas under its leaseholds in the northeast area of the National Petroleum Reserve in Alaska (NPR-A), and to build and operate the infrastructure necessary to accomplish that. The Willow Master Development Plan Project (Project) would have a peak production of up

---

[2] 43 U.S.C. § 1606(r).

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.,*
Case No. 3:20-cv-00290-SLG
PAGE **3** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 5 of 12

to 130,000 barrels of oil per day over its 30-year life, and would help offset declines in production from the North Slope oil fields and contribute to the local, state, and national economies. The Project involves sustainable oil and gas development that will promote a stable North Slope economy. The BLM issued a Record of Decision on October 26, 2020 to approve the authorization for the Project component that lies on federal land. Plaintiffs sued on December 21, 2020 and moved for a preliminary injunction on December 24, 2020.

## ARGUMENT

### I. ASRC'S BRIEF IS CONSISTENT WITH THE RULES GOVERNING AMICUS BRIEFS IN THE COURTS OF APPEALS.

Federal Rule of Appellate Procedure 29(a)(2) permits parties to seek leave to file an amicus brief. However, because the Federal Rules of Civil Procedure and Local Civil Rules do not address amicus filings, ASRC seeks the Court's leave to file the attached amicus brief. The timing and length of the brief comport with the procedures for amicus filings in the Courts of Appeals. Plaintiffs moved for a temporary restraining order or preliminary injunction on December 24, 2020, and this filing occurs no later than seven days after the Federal Defendants' and Intervenor-Defendant's briefs. *See* Fed. R. App. P. 29(a)(6) (amicus brief must be filed no later than seven days after the principal brief of the party being supported). Likewise, the proposed amicus brief is no more than half the maximum length authorized for the parties' principal brief under Local Civil Rule 7.4(a)(2). *See* Fed. R. App. P. 29(a)(5) (amicus brief may be no more than one-half the

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.,*
Case No. 3:20-cv-00290-SLG
PAGE **4** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 6 of 12

maximum length allowed for a party's principal brief). Under analogous circumstances, this Court has granted leave for an amicus to file a brief during preliminary injunction proceedings.[3]

## II.     ASRC'S INTEREST AND PERSPECTIVE ARE DISTINCT FROM THOSE OF ANY OTHER PARTY.

As set forth more fully in its amicus brief, ASRC has a strong interest in the implementation of the BLM's decision authorizing the Project. ASRC's interests in the project are threefold. First, ASRC may receive direct economic benefits from the Project, which will create opportunities for ASRC's subsidiaries to enter into service contracts with ConocoPhillips. ASRC has several subsidiaries engaged in oil industry support services that could be retained for a major project like the Willow Master Development Plan. These subsidiaries generate revenue for ASRC, which is then distributed as dividends to Native Alaskans consistent with the purposes of ANCSA. Like the other Alaska Native Corporations, ASRC regularly issues dividends to its shareholders. In addition, contracts between ConocoPhillips and any of ASRC's subsidiaries could result in jobs for local, Iñupiat residents, many of whom are ASRC shareholders.

Second, ASRC also has an interest in the Project's general socioeconomic benefits, which will accrue to State of Alaska and the North Slope residents, many of

---

[3] Text Order, *Alaska v. Fed. Subsistence Bd.*, 3:20-cv-00195-SLG, ECF No. 23 (Aug. 31, 2020); *see also* TMB Text Order, *Friends of Alaska Nat'l Wildlife Refuges v. Zinke*, 3:18-cv-00029-SLG, ECF No. 69 (Aug. 28, 2018) (granting motion for State of Alaska to file amicus brief during summary judgment proceedings).

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.*,
Case No. 3:20-cv-00290-SLG
PAGE **5** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 7 of 12

whom are ASRC shareholders. Taxes and royalties on oil and gas development projects like Willow fund many necessary social services and programs at the State, borough, and city level. For instance, as ASRC noted in its draft SEIS comments:

> The vast majority of the NSB operating budget is generated from taxation of oil & gas infrastructure. The NSB then provides funding for essential services to the local communities, these services include: K-12 education, health clinics, sewage, refuse, fire department, wildlife protection, research, police services, search and rescue, emergency response services, and other community necessities.[4]

Because many ASRC shareholders live within the traditional land use area of the Nuiqsut community where the Project will be built, these shareholders stand to benefit not only from any construction, operations, or support services job opportunities connected with the Project, but also from the influx of revenue into state and local government coffers, and the services that will be funded by those revenues.[5]

Finally, ASRC has an interest in ensuring that the Project's impacts on the natural and subsistence resources and activities that matter to its members are limited to only

---

[4] *Willow Master Development Plan*, Environmental Impact Statement (EIS) (available at https://eplanning.blm.gov/eplanning-ui/project/109410/570), App'x B.3., p. 44.

[5] *Confederated Tribes of the Chehalis Reservation v. Mnuchin*, 976 F.3d 15, 19 (D.C. Cir. 2020), *cert. granted sub nom. AK Native Vill. Corp. v. Confederated Tribes*, No. 20-544, 2021 WL 77252 (U.S. Jan. 8, 2021), and *cert. granted sub nom. Mnuchin, Sec. of Treasury v. Confederated Tribes,* No. 20-543, 2021 WL 77253 (U.S. Jan. 8, 2021) (noting that regional ANCs may provide "health, education, or welfare" benefits to Native shareholders and to shareholders' family members who are Natives or Native descendants, without regard to share ownership*.); see also* 43 U.S.C. § 1606(r) (ANSCA corporations established to "address the serious health and welfare problems" suffered by Alaska Native peoples); Pub. L. No. 100-241, §2(2) (1988).

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.,*
Case No. 3:20-cv-00290-SLG
PAGE **6** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 8 of 12

those that are necessary. To accomplish that goal, ASRC participated in the NEPA process for the Project; it submitted comments on the draft EIS for the plan, including comments on alternatives, project parameters, and mitigation, and several of its comments on the draft EIS were incorporated.[6] BLM also conducted Alaska Native Claims Settlement Act consultation with Alaska Native corporations in accordance with Executive Order 13175.[7] Because no other party to this litigation shares ASRC's direct economic interest, interest in its shareholders' social and economic welfare, and interests in protecting subsistence resources, it would provide a valuable perspective as amicus curiae.

**III. THE INFORMATION IN THE BRIEF WILL ASSIST THE COURT'S RESOLUTION OF THE PENDING MOTIONS.**

While the information in the brief ASRC proffers is distinct from that offered by the parties, it also is timely, relevant, and useful to this Court in reaching a decision on the preliminary injunction motion. "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction."[8] Should the Court find it necessary to determine whether plaintiffs have demonstrated that an injunction would be in the public interest -- one of

---

[6] ASRC May 4, 2020 letter from Richard Glenn to Rachael Jones; October 29, 2019 letter from Teresa Imm to Rachael Jones; (both available at https://eplanning.blm.gov/eplanning-ui/project/109410/570).

[7] EIS, Section 1.10.4 ("Native Consultation").

[8] *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982).

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.*,
Case No. 3:20-cv-00290-SLG
PAGE **7** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 9 of 12

the equitable factors courts consider in order to rule on any request for extraordinary relief -- ASRC has information to contribute on whether an injunction would be in the public interest, based on the likely impacts to its many shareholders who reside and work in the area that will be most directly affected. As set forth at greater length in the attached amicus brief, ASRC by virtue of its special role under ANCSA has a unique perspective and unique information that will aid this Court in making the public interest determination.

This motion and the proposed brief are filed only one business day after the briefs ASRC is supporting (Federal Defendants' and Intervenor-defendants' opposition briefs) were filed. Granting ASRC's request will not delay this litigation in any way. As such, this motion is timely.

## CONCLUSION

ASRC moves the Court to accept and consider the brief of proposed amicus curiae in support of Defendants attached hereto.

Dated: January 16, 2021  Respectfully submitted,

/s/ Eric B. Fjelstad
Eric B. Fjelstad, Alaska Bar No. 9505020
EFjelstad@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.263.6973

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.*,
Case No. 3:20-cv-00290-SLG
PAGE **8** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 10 of 12

Stacey Bosshardt (*pro hac vice* pending)
SBosshardt@perkinscoie.com
PERKINS COIE LLP
700 Thirteenth Street, N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: 202.654.6200
Facsimile: 202.654.6211

*Counsel for Proposed Amicus Arctic Slope Regional Corporation*

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.,*
Case No. 3:20-cv-00290-SLG
PAGE **9** OF **10**
Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 11 of 12

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing ("NEF") to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identities recipients of electronic notice. I also certify that there appear to be no non-CM/ECF participants not represented by counsel in this case who require service by mail.

                                                /s/ Eric B. Fjelstad
                                                Eric B. Fjelstad, Alaska Bar No. 9505020

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Management, et al.,*
Case No. 3:20-cv-00290-SLG
PAGE **10** OF **10**

Case 3:20-cv-00290-SLG   Document 29   Filed 01/16/21   Page 12 of 12