JEAN E. WILLIAMS
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division
RICKEY TURNER
Senior Trial Attorney, Wildlife and Marine Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1373
rickey.turner@usdoj.gov
CAITLIN CIPICCHIO
Trial Attorney, Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
202-305-0503
caitlin.cipicchio@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.*,<br>Plaintiffs,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT, *et al.*,<br>Defendants,<br><br>and<br><br>CONOCOPHILLIPS ALASKA, INC.,<br>Intervenor-Defendant. | Case No. 3:20-cv-00290-SLG |

## DEFENDANTS' OPPOSITION TO
## PLAINTIFFS' MOTION FOR INJUNCTION PENDING APPEAL

Plaintiffs filed a Motion for Injunction Pending Appeal requesting that the Court

*Sovereign Iñupiat for a Living Arctic et al. v. BLM et al.*; No. 3:20-cv-00290-SLG
DEFS.' OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL  1
Case 3:20-cv-00290-SLG   Document 50   Filed 02/04/21   Page 1 of 5

"enjoin all construction activities related to Willow for 21 days so that emergency relief can be sought and ruled on by the Ninth Circuit Court of Appeals while the *status quo* is maintained." ECF No. 46 ("Motion"), 3. The Motion relates to an appeal (ECF No. 45) which seeks review of the Court's February 1, 2021 Order denying Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 44 ("Order"). The Court should deny the Motion.

As Plaintiffs note, "[t]he standard for an injunction pending appeal is essentially the same as that for a preliminary injunction." Motion 2 (citing *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). A plaintiff seeking a preliminary injunction must show: "(1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm if the preliminary injunction is not granted; (3) the balance of equities tip[s] in its favor; and (4) an injunction is in the public's interest." *Conservation Cong. v. U.S. Forest Serv.*, 720 F.3d 1048, 1054 (9th Cir. 2013) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). A deficiency in any one of the required elements precludes extraordinary relief. *Winter*, 555 U.S. at 24. Alternatively, the Ninth Circuit has held "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011); *see also Conservation Cong. v. U.S. Forest Serv.*, 803 F.Supp.2d 1126, 1129-30 (E.D. Cal. 2011) (confirming applicability of the serious questions test to injunctions pending appeal). Because a "preliminary injunction is an extraordinary and drastic remedy,"

*Sovereign Iñupiat for a Living Arctic et al. v. BLM et al.*; No. 3:20-cv-00290-SLG
DEFS.' OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL 2
Case 3:20-cv-00290-SLG Document 50 Filed 02/04/21 Page 2 of 5

*Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997), the party seeking such an injunction must make "a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Plaintiffs failed to do so in their preliminary injunction briefing as they did not satisfy necessary elements under the *Winter* test or the serious question standard, and the Court properly denied Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction on that basis. Order 21-22, 27.

This Court did not find that Plaintiffs are likely to succeed on the merits of their NEPA claims; instead, it correctly determined that Plaintiffs have failed even to demonstrate "serious questions" going to the merits of those claims. Order 21. Plaintiffs failed to file their Complaint within the NPRPA's 60 day statute of limitations. *See* Fed. Defendants' Combined Memorandum in Opposition to Plaintiffs' Motions for Preliminary Injunction (ECF No. 26) 21-22. Plaintiffs have not established and cannot establish a likelihood of success on the merits or serious questions going to the merits of their NEPA claims where those claims are time-barred. *Id.*

As to Plaintiffs' ESA claim, the Court correctly found that Plaintiffs failed to establish irreparable injury was likely absent an injunction. Order 27. The Court found that Plaintiffs "have not demonstrated that it is likely that [Southern Beaufort Sea] polar bears will be irreparably injured before the Court rules on the merits," and "also have not shown how any harm to polar bears would result specifically from the construction of the proposed Winter 2021 Construction Activities." Order at 25-26. And, the Willow Project is likely to maintain the Southern Beaufort Sea polar bears' status for the entire 30-year life of the Willow Project. ECF No. 26 at 32. Plaintiffs thus cannot satisfy the

*Sovereign Iñupiat for a Living Arctic et al. v. BLM et al.*; No. 3:20-cv-00290-SLG
DEFS.' OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL 3
Case 3:20-cv-00290-SLG   Document 50   Filed 02/04/21   Page 3 of 5

irreparable harm prong of the *Winter* test with respect to their ESA claim.

Plaintiffs have not shown that the Court's Order constituted legal error or an abuse of discretion, and raise no specific objection to the Court's Order in the Motion. Nor do Plaintiffs present any new information or arguments for why an injunction should issue now, when the Court determined one should not issue three days ago. Instead, Plaintiffs simply incorporate by reference previously-made (and rejected) arguments. Thus, Plaintiffs have not made a clear showing, or any showing, that they are entitled to injunctive relief pending appeal.

For the foregoing reasons, as well as the reasons stated in Defendants' Combined Opposition to Plaintiffs' Motions for Preliminary Injunction (ECF No. 26), the Court should deny Plaintiffs' Motion for Injunction Pending Appeal.

Respectfully submitted this 4th day of February, 2021.

> JEAN E. WILLIAMS
> Deputy Assistant Attorney General
> United States Department of Justice
> Environment and Natural Resources Div.
>
> RICKEY TURNER
> Senior Trial Attorney
> Wildlife and Marine Resources Section
> 999 18th Street, South Terrace, Suite 370
> Denver, CO 80202
> (303) 844-1373
> rickey.turner@usdoj.gov
>
>   */s/ Caitlin Cipicchio*
> CAITLIN CIPICCHIO
> Trial Attorney, Natural Resources Section
> P.O. Box 7611
> Washington, D.C. 20044
> 202-305-0503

*Sovereign Iñupiat for a Living Arctic et al. v. BLM et al.*; No. 3:20-cv-00290-SLG
DEFS.' OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL   4
Case 3:20-cv-00290-SLG   Document 50   Filed 02/04/21   Page 4 of 5

202-305-0506 (fax)
caitlin.cipicchio@usdoj.gov

*Counsel for Defendants*

Of Counsel:

MIKE GIERYIC
Office of the Regional Solicitor
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-1420
mike.gieryic@sol.doi.gov

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Caitlin Cipicchio*
Caitlin Cipicchio

*Sovereign Iñupiat for a Living Arctic et al. v. BLM et al.*; No. 3:20-cv-00290-SLG
DEFS.' OPPOSITION TO MOTION FOR INJUNCTION PENDING APPEAL 5
Case 3:20-cv-00290-SLG   Document 50   Filed 02/04/21   Page 5 of 5