FILED

FEB 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOVEREIGN INUPIAT FOR A LIVING ARCTIC; et al., <br><br>  Plaintiffs-Appellants, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT; et al., <br><br>  Defendants-Appellees, <br><br> and <br><br> CONOCOPHILLIPS ALASKA, INC., <br><br>  Intervenor-Defendant-Appellee. | No. 21-35085 <br><br> D.C. No. 3:20-cv-00290-SLG District of Alaska, Anchorage <br><br> ORDER |
| CENTER FOR BIOLOGICAL DIVERSITY; et al., <br><br>  Plaintiffs-Appellants, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT; et al., <br><br>  Defendants-Appellees, <br><br> CONOCOPHILLIPS ALASKA, INC., | No. 21-35095 <br><br> D.C. No. 3:20-cv-00308-SLG |

MN/MOATT

> Intervenor-Defendant-
> Appellee.

Before: CANBY and FRIEDLAND, Circuit Judges.

Appellants have filed emergency motions for an injunction pending appeal, seeking to enjoin construction activities related to a proposed oil and gas production operation (known as the "Willow Project") located in the National Petroleum Reserve-Alaska. Appellants' suit challenges appellee the Bureau of Land Management's ("BLM") compliance with the National Environmental Policy Act ("NEPA") in reviewing and approving an environmental impact statement ("EIS") for the Willow Project. Appellants further allege that BLM's actions violated the Endangered Species Act ("ESA").

In a February 1 order, the district court denied appellants preliminary injunctive relief, concluding that appellants' NEPA claims were likely time-barred by 42 U.S.C. § 6506a(n)(1). This statute bars "judicial review of the adequacy of any program or site-specific [EIS under NEPA] concerning oil and gas leasing in the National Petroleum Reserve-Alaska" unless a claim is filed within 60 days after notice of the EIS is published. *Id.*

The district court interpreted § 6506a(n)(1) to broadly apply to all activities associated with the commercial development of oil and gas resources in the National Petroleum Reserve-Alaska. The court concluded that § 6506a(n)(1) is

ambiguous as to whether it applies only to leasing decisions themselves or also to later development decisions. But the district court then reasoned, in part, that the statute's use of the term "site-specific [EIS]" indicated that Congress likely intended § 6506a(n)(1) to apply more broadly, because at the time the statute was adopted in 1980, site-specific EISs were used to evaluate the environmental impacts of later stages of development, such as exploration and production. The court then determined that appellants were not entitled to a preliminary injunction on their ESA claim.

In a February 6 order, the district court granted a temporary injunction pending appeal, concluding that appellants had shown a likelihood that they will suffer irreparable harm absent injunctive relief. The district court also concluded that at least one of the claims challenging BLM's compliance with NEPA in reviewing and approving an EIS for the Willow Project may have a likelihood of success on the merits if it is determined that the claim is timely.

We conclude that appellants have raised a serious question in contending that § 6506a(n)(1) applies only to actions challenging the sale or issuance of the leases themselves, and that it does not extend to challenges to later production actions taken on the leased lands. The plain words lend support to that contention. The statute's reference to "site-specific" EISs does not mean that it necessarily extends beyond challenges to leasing decisions, because site-specific EISs can be

required for some leasing decisions. It was known by 1980, when § 6506a(n)(1) was enacted, that an agency contemplating a multi-stage project was required to perform both a programmatic EIS in connection with an overall development plan, as well as an EIS for any anticipated site-specific environmental impacts associated with individual development projects, and that such a site-specific analysis had to be done at the time the agency made a commitment of resources. *See Env't Def. Fund v. Andrus*, 596 F.2d 848, 852 (9th Cir. 1979) (noting that in addition to an EIS addressing the impacts of an overall water marketing plan, the agency was required to prepare an EIS for each individual water option contract prior to its execution because once granted the contracts prohibited the government from "unilaterally chang[ing] its mind"); *see also Port of Astoria v. Hodel*, 595 F.2d 467, 478 (9th Cir. 1979) (explaining that NEPA requires that an individual site-specific EIS be performed in connection with an agency's commitment to a future development so that environmental review is conducted "at an early stage when alternative courses of action are still possible"). Congress accordingly could well have been referring only to leasing decisions when it referred to programmatic and site-specific EISs in § 6506a(n)(1). At the very least, appellants' contention that the statute does not apply to their challenges raises a serious question.

Our review of the record also convinces us that the appellants will suffer irreparable harm in the absence of an injunction, and that at least one of its NEPA

claims is likely to succeed if timely. We conclude that the balance of equities favors relief, that the balance of hardships tips sharply in appellants' favor, and that an injunction pending appeal is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011); *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014).

Accordingly, we grant appellants' motions for injunctive relief (Docket Entry Nos. 6 and 10 in No. 21-35085; Docket Entry Nos. 6 and 8 in No. 21-35095). The district court's February 6, 2021 temporary injunction shall remain in effect pending the outcome of this appeal.

The motions of North Slope Borough, Arctic Slope Regional Corporation and the State of Alaska for leave to file an amicus curiae brief (Docket Entry Nos. 18, 23 and 33 in No. 21-35085; Docket Entry Nos. 15, 20 and 30 in No. 21-35095) in support of appellees' responses in opposition to the motions for injunctive relief are granted.

The parties' motions to file oversized responses and replies (Docket Entry Nos. 15, 17, 26, and 28 in No. 21-35085; Docket Entry Nos. 12, 14, 23, and 25 in No. 21-35095) in connection with the motions for injunctive relief are granted.

We expedite this appeal. The briefing schedule established previously

remains in effect. The Clerk will schedule this case to be heard on the next available calendar.