# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

SOVEREIGN IÑUPIAT FOR A
LIVING ARCTIC, *et al.*,

                Plaintiffs,

        v.

BUREAU OF LAND MANAGEMENT,
*et al.*,

                Defendants,

       and

CONOCOPHILLIPS ALASKA,
INC.,

           Intervenor-Defendant.

Case No. 3:20-cv-00290-SLG

## MOTION FOR CLARIFICATION AND RECONSIDERATION REGARDING THE SUPPLEMENT TO THE AGENCY RECORD AND SCHEDULE (Local Civ. R. 7.3(h)

Pursuant to Local Civil Rule 7.3(h), Plaintiffs respectfully request the Court's

clarification and reconsideration of its Order re Briefing Schedule (ECF Doc. 65).

Plaintiffs understand the Court's order to mean that the Court bifurcated the briefing and

timeline in this case, with the claims pertaining to Clean Water Act violations briefed on

a timeline separate from the remaining claims in the case. For the reasons explained

below, Plaintiffs respectfully request an amended order under Local Civil Rule 7.3(h) to

clarify the next steps for this litigation and to prevent prejudice to Plaintiffs. Federal Defendants do not oppose this motion; ConocoPhillips opposes this motion and will file a response if authorized to do so by the Court under Local Civil Rule 7.3(h)(3).

Plaintiffs Sovereign Iñupiat for a Living Arctic et al. and Federal Defendants filed a Notice and Motion Regarding the Supplement to the Agency Record and Schedule for briefing the merits of the present litigation regarding the Willow Master Development Plan (Willow) (ECF Doc. 60). The administrative record for the U.S. Army Corps of Engineers (the Corps) has not yet been filed in this case.[1] Plaintiffs' and Federal Defendants' scheduling proposal sought to align Plaintiffs' briefing schedule so the entirety of Plaintiffs' claims would be presented in a single opening brief for summary judgment, while also ensuring the parties would have the full administrative record from both BLM and the Corps prior to completing any briefing.

Plaintiffs' Amended Complaint includes National Environmental Policy Act (NEPA) and Clean Water Act claims against the Corps. *See* First Am. and Supp. Compl. at ¶¶ 201–21, 244–54. (ECF Doc. 36). Plaintiffs anticipate that the scope and content of the Corps' record will inform Plaintiffs' briefing on the full range of legal claims against the Corps, not solely the Clean Water Act claims. The bifurcated schedule for the Clean Water Act claims and the Corps' record could lead to Plaintiffs having to brief their

[1] The Corps' Record of Decision was issued several months after the Bureau of Land Management's (BLM) approvals for Willow. Plaintiffs amended their complaint to add in the claims against the Corps shortly after the Corps issued its final decision.

NEPA claims against the Corps without yet having the complete administrative record from the Corps.

In addition, many of the legal concerns Plaintiffs have identified against both Defendants are closely related. Plaintiffs' claims against the Corps and BLM stem from the same analyses under NEPA. As described in Plaintiffs' Amended Complaint for Declaratory and Injunctive Relief, the Corps' relied fully on BLM's NEPA analysis to support its decisions to approve Willow. *Id*. at ¶¶ 184–88, 197–99. As a result, many of the same underlying facts are at issue in Plaintiffs' claims against the Corps and BLM, and Plaintiffs anticipate there will be overlap in factual and legal aspects of the briefing related to both the Corps and BLM. *Id*. at ¶¶ 201–21.

The current bifurcated schedule and briefing poses a risk of prejudice to Plaintiffs. As noted in Plaintiffs' Complaint, BLM and the Corps sought to attribute their NEPA obligations to the other agency throughout the process. *Id*. at 49. Both agencies have independent but closely related obligations under NEPA, as well as their own obligations under other statutes. Plaintiffs would be prejudiced by bifurcated briefing of the legal issues in this case. Plaintiffs would be further prejudiced by being forced to brief all of their NEPA claims against BLM and the Corps prior to seeing the administrative record on behalf of the Corps, particularly given the overlapping issues with BLM's failure to take a hard look at impacts to aquatic resources under the Corps' jurisdiction.

---

Allowing Plaintiffs to complete their briefing after the records for both the Corps and BLM are complete, instead of on a bifurcated schedule, would also serve judicial efficiency. Requiring Plaintiffs' to file two briefs with the legal issues bifurcated would not result in a decision on the merits in a shorter timeframe than a single brief. As currently set out, the Defendants would likely be drafting multiple response briefs on different timelines, and Plaintiffs would also be filing multiple reply briefs. Due to existing overlap between the facts and law pertaining to claims against both Defendants, briefing all of Plaintiffs' claims in a single brief following completion of the administrative record would be most efficient for the parties and the Court in considering all of Plaintiffs' claims and reaching resolution on the merits.

At a minimum, Plaintiffs seek clarification regarding the timeframe for briefing their NEPA claims against the Corps. The Court's order set out a bifurcated timeline for just Plaintiffs' Clean Water Act claims, but did not account for Plaintiffs' NEPA claims against the Corps (Counts I-III). The Corps' administrative record will include documents necessary to brief both the Clean Water Act and NEPA claims against the Corps. Should the Court deny this motion for reconsideration, Plaintiffs seek to clarify that the Court intends for Plaintiffs to also brief their NEPA claims against the Corps at the same time as the Clean Water Act claims.

The Court's order regarding the schedule is likely to prejudice Plaintiffs and would lead to inefficiencies for the Court and the parties. Plaintiffs respectfully request

the Court reconsider its order and adopt the following schedule for all of Plaintiffs' Claims, which seeks to align briefing for all claims on the schedule set forth in the Court's order and ensures the parties will have the complete administrative record prior to briefing:

1. Federal Defendants will file the Corps' administrative record on or before March 12, 2021.

2. Plaintiffs will inform Federal Defendants of any concerns with the Corps' administrative record on or before March 26, 2021 so that the parties may attempt to resolve disagreements regarding the content of the Corps' administrative record informally and amongst themselves. If Plaintiffs have no concerns with the Corps' administrative record, then the parties shall submit a proposed briefing schedule on or before April 9, 2021.

3. If necessary, Plaintiffs will file any motion to supplement the Corps' administrative record on or before April 2, 2021.

4. If a motion is filed in accordance with paragraph 3 above, the deadline for any response to the motion shall be 14 days after service of the motion, and the deadline for any reply shall be 7 days after service of any response. The parties shall file a proposed briefing schedule within 7 days of the Court's order on the motion to supplement.

Should the Court deny this motion, Plaintiffs respectfully request that the Court clarify that its schedule regarding the Clean Water Act claims is also applicable to Plaintiffs' NEPA claims against the Corps.

Respectfully submitted this 5th day of March, 2021,

s/ Bridget Psarianos
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs*

**<u>Certificate of Service</u>**

I certify that on March 5, 2021, I caused a copy of the NOTICE REGARDING TRANSCRIPTS to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case. Attorneys of record not registered in the CM/ECF system for this case will be served via electronic mail.

s/ Bridget Psarianos<br>
Bridget Psarianos