Tyson C. Kade
Jonathan D. Simon
Melinda L. Meade Meyers
VAN NESS FELDMAN, LLP
1050 Thomas Jefferson Street, NW
Seventh Floor
Washington, DC 20007
Tel.: 202.298.1800
Fax: 202.338.2416
Email: tck@vnf.com
        jxs@vnf.com
        mmeademeyers@vnf.com

*Counsel for Intervenor-Defendant North Slope Borough*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants, <br><br> and <br><br> CONOCOPHILLIPS ALASKA, INC., <br><br> Intervenor-Defendant, <br><br> and <br><br> NORTH SLOPE BOROUGH, <br><br> Intervenor-Defendant. | Case No. 3:20-cv-00290-SLG |

**ANSWER OF NORTH SLOPE BOROUGH TO
FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 1
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Intervenor-Defendant North Slope Borough ("Borough") answers and asserts defenses to the allegations and claims contained in Plaintiffs' First Amended and Supplemental Complaint for Declaratory and Injunctive Relief (ECF No. 36), in paragraphs numbered to correspond to the paragraph numbers in the First Amended and Supplemental Complaint.  The Borough denies any allegations in Plaintiffs' First Amended and Supplemental Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## I.    NATURE OF THE CASE

1.    The allegations set forth in Paragraph 1 contain Plaintiffs' characterization of their lawsuit, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.

2.    The Borough admits that ConocoPhillips Alaska, Inc.'s Willow Project would be located within the National Petroleum Reserve-Alaska ("NPR-A") and would involve the construction and operation of oil and gas infrastructure.  The remaining allegations set forth in the first and second sentences of Paragraph 2 are vague and ambiguous, and the Borough denies them on that basis.  The Borough denies the allegations set forth in the third sentence of Paragraph 2.  The allegations set forth in the fourth and fifth sentences of Paragraph 2 contain legal conclusions, to which no response is required, and purport to characterize federal laws, which requires no response as the laws speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the laws or contain legal conclusions, and a response is deemed

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 2
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

required, the Borough denies the allegations. The Borough denies the allegations set forth in the sixth sentence of Paragraph 2.

3.      The allegations set forth in the first two sentences of Paragraph 3 contain Plaintiffs' characterization of agency actions and the Biological Opinion ("BiOp"), which requires no response as the agency actions and the BiOp speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions or the BiOp, and a response is deemed required, the Borough denies the allegations. The Borough denies the allegations set forth in the third, fourth, and fifth sentences of Paragraph 3.

4.      The allegations set forth in the first sentence of Paragraph 4 contain Plaintiffs' characterization of agency actions and the U.S. Army Corps of Engineers' ("Corps") Willow Record of Decision ("Corps ROD"), which requires no response as the agency actions and the Corps ROD speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions or the Corps ROD, and a response is deemed required, the Borough denies the allegations. The Borough denies the allegations set forth in the second and third sentences of Paragraph 4.

5.      The allegations set forth in the first sentence of Paragraph 5 contain Plaintiffs' characterization of their lawsuit, to which no response is required. To the extent a response is deemed required, the Borough denies the allegations and avers that Plaintiffs are not entitled to any relief. The Borough denies the allegations contained in the second sentence of Paragraph 5.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 3
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

## II.    JURISDICTION AND VENUE

6.    The allegations set forth in Paragraph 6 contain legal conclusions, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.

7.    The allegations set forth in Paragraph 7 contain legal conclusions, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.

8.    The allegations set forth in Paragraph 8 contain legal conclusions, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.

9.    The allegations set forth in Paragraph 9 contain legal conclusions, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.

## III.    PARTIES

### Plaintiffs

10.    The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 10, and the allegations are therefore denied.

11.    The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and the allegations are therefore denied.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 4
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

12.     The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and the allegations are therefore denied.

13.     The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and the allegations are therefore denied.

14.     The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and the allegations are therefore denied.

15.     The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 15, and the allegations are therefore denied.

16.     The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and the allegations are therefore denied.

17.     The Borough denies the allegations set forth in Paragraph 17.

18.     The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 18, and the allegations are therefore denied.

19.     The Borough denies the allegations set forth in Paragraph 19.

20.     The Borough denies the allegations set forth in Paragraph 20.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 5
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 5 of 60

21.     The Borough admits that the Bureau of Land Management ("BLM") is a federal agency within the U.S. Department of the Interior.  To the extent the allegations set forth in this paragraph purport to characterize the BLM's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.  Further, to the extent the allegations set forth in this paragraph purport to characterize publicly available documents, no response is required as those documents speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the specified documents, and a response is deemed required, the Borough denies the allegations.

22.     The Borough admits that the U.S. Fish and Wildlife Service ("FWS") is a federal agency within the U.S. Department of the Interior.  To the extent the allegations set forth in this paragraph purport to characterize the FWS's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.

23.     The Borough admits that the U.S. Department of the Interior is an agency of the United States.  To the extent the allegations set forth in this paragraph purport to

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 6
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

characterize the U.S. Department of the Interior's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.

24.     The Borough admits that the Corps is a federal agency within the U.S. Department of Defense. To the extent the allegations set forth in this paragraph purport to characterize the Corps's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.

25.     The Borough admits that David Bernhardt was the Secretary of the Interior until January 20, 2021, and that Secretary Bernhardt signed the BLM's Record of Decision ("BLM ROD") for the Willow Project. To the extent the allegations set forth in this paragraph purport to characterize the Secretary of the Interior's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.

26.     The Borough admits that Chad Padgett is the Alaska State Director for the BLM and that Mr. Padgett signed the BLM ROD challenged in this lawsuit. To the extent the

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 7
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

allegations set forth in this paragraph purport to characterize the BLM Alaska State Director's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.

27.     The Borough admits that David Hobbie is the Chief of the Corps's Alaska District's Regulatory Division, and that Mr. Hobbie signed the Corps ROD challenged in this lawsuit. To the extent the allegations set forth in this paragraph purport to characterize the Chief of the Corps's Alaska District's Regulatory Division's legal responsibilities, no response is required as the applicable laws and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the applicable laws and regulations, and a response is deemed required, the Borough denies the allegations.

## IV.     STATUTORY AND REGULATORY BACKGROUND

### National Environmental Policy Act

28.     Paragraph 28 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the statute or regulation, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 8
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

29.     Paragraph 29 purports to characterize federal regulations, which requires no response as the regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the regulations, and a response is deemed required, the Borough denies the allegations.

30.     Paragraph 30 purports to characterize a federal statute, regulations, and caselaw, which requires no response as the statute, regulations, and caselaw speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, regulation, or caselaw and a response is deemed required, the Borough denies the allegations.

31.     Paragraph 31 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

32.     Paragraph 32 purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the regulation, and a response is deemed required, the Borough denies the allegations.

33.     Paragraph 33 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 9
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

34.     Paragraph 34 purports to characterize federal regulations and caselaw, which requires no response as the regulations and caselaw speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the regulations or caselaw and a response is deemed required, the Borough denies the allegations.

35.     Paragraph 35 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

36.     Paragraph 36 purports to characterize a federal statute and its implementing regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

37.     Paragraph 37 contains legal conclusions, to which no response is required, and purports to characterize an agency action and federal regulations, which requires no response as the agency actions and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the agency actions or regulations or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 10
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

## Federal Land Policy and Management Act

38.     Paragraph 38 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

39.     Paragraph 39 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

40.     Paragraph 40 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

41.     Paragraph 41 purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the regulation, and a response is deemed required, the Borough denies the allegations.

42.     Paragraph 42 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 11
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

43.     Paragraph 43 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

44.     Paragraph 44 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

<u>Naval Petroleum Reserves Production Act</u>

45.     Paragraph 45 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

46.     Paragraph 46 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

47.     Paragraph 47 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 12
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Endangered Species Act

48.     Paragraph 48 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

49.     Paragraph 49 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

50.     Paragraph 50 purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the regulation, and a response is deemed required, the Borough denies the allegations.

51.     Paragraph 51 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

52.     Paragraph 52 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 13
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

the statute or regulations, and a response is deemed required, the Borough denies the allegations.

53.     Paragraph 53 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

54.     Paragraph 54 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

55.     Paragraph 55 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

56.     Paragraph 56 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 14
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 14 of 60

57.     Paragraph 57 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

58.     Paragraph 58 purports to characterize federal regulations, which requires no response as the regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the regulations, and a response is deemed required, the Borough denies the allegations.

59.     Paragraph 59 purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations, and a response is deemed required, the Borough denies the allegations.

60.     Paragraph 60 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

61.     Paragraph 61 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents.  To the extent

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 15
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 15 of 60

Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

62. Paragraph 62 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

63. Paragraph 63 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

64. Paragraph 64 purports to characterize a federal statute and regulation, which requires no response as the statute and regulation speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the statute or regulation, and a response is deemed required, the Borough denies the allegations.

65. Paragraph 65 purports to characterize a federal statute and regulation, which requires no response as the statute and regulation speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the statute or regulation, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 16
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 16 of 60

66.    Paragraph 66 purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the regulation, and a response is deemed required, the Borough denies the allegations.

67.    Paragraph 67 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

68.    Paragraph 68 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

<u>Marine Mammal Protection Act</u>

69.    Paragraph 69 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

70.    Paragraph 70 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 17
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

71.     Paragraph 71 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

72.     Paragraph 72 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

73.     Paragraph 73 purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the regulation, and a response is deemed required, the Borough denies the allegations.

74.     Paragraph 74 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

<u>Clean Water Act</u>

75.     Paragraph 75 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 18
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

76.    Paragraph 76 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

77.    Paragraph 77 purports to characterize federal regulations, which requires no response as the regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the regulations, and a response is deemed required, the Borough denies the allegations.

78.    Paragraph 78 purports to characterize a federal agency guidance document, which requires no response as the document speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the specified document, and a response is deemed required, the Borough denies the allegations

79.    Paragraph 79 purports to characterize a federal agency guidance document and a federal regulation, which requires no response as the document and regulation speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the specified document or regulation, and a response is deemed required, the Borough denies the allegations.

80.    Paragraph 80 purports to characterize federal regulations, which requires no response as the regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the regulations, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 19
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 19 of 60

81.     Paragraph 81 purports to characterize a federal agency guidance document and federal regulations, which requires no response as the document and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the specified document or regulations, and a response is deemed required, the Borough denies the allegations.

82.     Paragraph 82 purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the regulation, and a response is deemed required, the Borough denies the allegations.

83.     Paragraph 83 purports to characterize a federal agency guidance document, a federal agency rule, and federal regulations, which requires no response as the document, rule, and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the specified document, rule, or regulations, and a response is deemed required, the Borough denies the allegations.

<u>Administrative Procedure Act</u>

84.     Paragraph 84 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

85.     Paragraph 85 purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 20
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

extent Plaintiffs' allegations are inconsistent with the statute, and a response is deemed required, the Borough denies the allegations.

86.     Paragraph 86 purports to characterize caselaw, which requires no response as the caselaw speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the caselaw, and a response is deemed required, the Borough denies the allegations.

## V.     FACTS

### The Exceptional Values of the Reserve

87.     The Borough admits that the area of the NPR-A is approximately 22.8 million acres and that the Western Arctic and Teshekpuk Lake Caribou Herds utilize the NPR-A. The remaining allegations set forth in Paragraph 87 are vague and ambiguous and the Borough denies them on that basis.

88.     Paragraph 88 purports to characterize executive action and a federal statute, which requires no response as the executive action and statute speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the executive action or statute, and a response is deemed required, the Borough denies the allegations.

89.     Paragraph 89 purports to characterize Secretarial action and a federal statute, which requires no response as the Secretarial action and statute speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 21
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG
Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 21 of 60

inconsistent with the Secretarial action or statute, and a response is deemed required, the Borough denies the allegations.

90.     Paragraph 90 purports to characterize an agency action and the 2012 NPR-A Integrated Activity Plan Final Environmental Impact Statement ("FEIS"), which requires no response as the agency action and NPR-A FEIS speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the agency action or NPR-A FEIS, and a response is deemed required, the Borough denies the allegations.

91.     The Borough admits that the Teshekpuk Lake Caribou Herd utilizes the NPR-A. The remaining allegations set forth in Paragraph 91 are vague and ambiguous, and the Borough denies them on that basis.

92.     The allegations set forth in Paragraph 92 are vague and ambiguous, and the Borough denies them on that basis.

93.     The allegations set forth in Paragraph 93 are vague and ambiguous, and the Borough denies them on that basis.

<u>The Imperiled Southern Beaufort Sea Population of Polar Bears</u>

94.     The Borough admits that polar bears are listed as threatened under the Endangered Species Act ("ESA").  The remaining allegations set forth in Paragraph 94 purport to characterize an agency action and a federal regulation, which requires no response as the agency action and regulation speak for themselves and contain the best evidence of their

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 22
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 22 of 60

contents. To the extent Plaintiffs' allegations are inconsistent with the agency action or regulation, and a response is deemed required, the Borough denies the allegations.

95.     The Borough admits that some parts of the NPR-A provide onshore denning habitat for polar bears. The remaining allegations set forth in the first sentence of Paragraph 95 are vague and ambiguous, and the Borough denies them on that basis. The allegations set forth in the second sentence of Paragraph 95 purport to characterize an agency action, which requires no response as the agency action speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the agency action, and a response is deemed required, the Borough denies the allegations. The allegations set forth in the third sentence of Paragraph 95 are vague and ambiguous, and the Borough denies them on that basis.

96.     The allegations set forth in Paragraph 96 are vague and ambiguous, and the Borough denies them on that basis.

97.     The allegations set forth in Paragraph 97 are vague and ambiguous, and the Borough denies them on that basis.

98.     The allegations set forth in Paragraph 98 purport to characterize a publicly available document, which requires no response as the document speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the document, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 23
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

BLM's Management of the Reserve & the Oil and Gas Program

99.     The allegations set forth in Paragraph 99 contain Plaintiffs' characterization of agency actions and the Integrated Activity Plan ("IAP"), which requires no response as the agency actions and the IAP speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the IAP, and a response is deemed required, the Borough denies the allegations.

100.     The allegations set forth in Paragraph 100 contain Plaintiffs' characterization of agency actions and the 2013 IAP Record of Decision ("IAP ROD"), which requires no response as the agency actions and the IAP ROD speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the IAP ROD, and a response is deemed required, the Borough denies the allegations.

101.     The allegations set forth in Paragraph 101 contain Plaintiffs' characterization of the IAP, which requires no response as the IAP speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the IAP, and a response is deemed required, the Borough denies the allegations.

102.     The allegations set forth in Paragraph 102 contain Plaintiffs' characterization of the IAP, which requires no response as the IAP speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the IAP, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 24
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 24 of 60

103. The allegations set forth in Paragraph 103 contain Plaintiffs' characterization of agency actions, which requires no response as the agency actions speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions, and a response is deemed required, the Borough denies the allegations.

104. The allegations set forth in Paragraph 104 contain Plaintiffs' characterization of agency actions, which requires no response as the agency actions speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions, and a response is deemed required, the Borough denies the allegations.

105. The allegations set forth in Paragraph 105 contain Plaintiffs' characterization of agency actions, which requires no response as the agency actions speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions, and a response is deemed required, the Borough denies the allegations.

106. The allegations set forth in Paragraph 106 contain Plaintiffs' characterization of agency actions, which requires no response as the agency actions speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 25
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 25 of 60

107.   The Borough admits the allegations contained in the first sentence of Paragraph 107.  The Borough admits that the Willow discovery resource estimate is approximately 400 and 750 million barrels of oil equivalent, and that projected peak production is over 130,000 barrels of oil per day.

108.   The allegations set forth in the first sentence of Paragraph 108 are vague and ambiguous, and the Borough denies them on that basis.  The Borough admits that Caelus Energy announced a discovery in Smith Bay in 2016.   The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the third, fourth, and fifth sentences of Paragraph 108, and the allegations are therefore denied.

109.   The allegations set forth in Paragraph 109 contain Plaintiffs' characterization of agency actions and a Secretarial Order, which requires no response as the agency actions and Secretarial Order speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the Secretarial Order, and a response is deemed required, the Borough denies the allegations.

110.   The allegations set forth in Paragraph 110 contain Plaintiffs' characterization of agency actions and the 2020 NPR-A Integrated Activity Plan and Environmental Impact Statement ("IAP/FEIS"), which requires no response as the agency actions and IAP/FEIS speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the IAP/FEIS, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 26
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

111.    The allegations set forth in Paragraph 111 contain Plaintiffs' characterization of the IAP/FEIS, which requires no response as the IAP/FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the IAP/FEIS, and a response is deemed required, the Borough denies the allegations.

112.    The allegations set forth in Paragraph 112 contain Plaintiffs' characterization of the IAP/FEIS, which requires no response as the IAP/FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the IAP/FEIS, and a response is deemed required, the Borough denies the allegations.

113.    The allegations set forth in Paragraph 113 contain Plaintiffs' characterization of the IAP/FEIS, which requires no response as the IAP/FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the IAP/FEIS, and a response is deemed required, the Borough denies the allegations.

114.    The allegations set forth in Paragraph 114 contain Plaintiffs' characterization of the IAP/FEIS, which requires no response as the IAP/FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the IAP/FEIS, and a response is deemed required, the Borough denies the allegations.

115.    The allegations set forth in Paragraph 115 contain Plaintiffs' characterization of agency actions and the BLM's Record of Decision for the IAP/FEIS ("IAP/FEIS ROD"), which requires no response as the agency actions and IAP/FEIS ROD speak for themselves and contain the best evidence of their contents.  To the extent the allegations

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 27
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

are inconsistent with the agency actions or the IAP/FEIS ROD, and a response is deemed required, the Borough denies the allegations.

<u>The Willow Master Development Plan</u>

116.    The Borough admits that ConocoPhillips Alaska, Inc. requested that BLM prepare the Willow Master Development Plan ("Willow MDP") Environmental Impact Statement in May 2018.

117.    The Borough admits that BLM must approve certain development and construction activities pursuant to the Willow MDP.  The remaining allegations set forth in the first sentence of Paragraph 117 contain legal conclusions, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.  The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 117, and the allegations are therefore denied.

118.    The allegations set forth in Paragraph 118 contain legal conclusions, to which no response is required.  To the extent a response is deemed required, the Borough denies the allegations.

119.    The allegations set forth in Paragraph 119 contain Plaintiffs' characterization of agency actions and the draft Environmental Impact Statement ("DEIS") for the Willow MDP, which requires no response as the agency actions and DEIS speak for themselves and contain the best evidence of their contents.  To the extent the allegations are

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 28
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

inconsistent with the agency actions or the DEIS, and a response is deemed required, the Borough denies the allegations.

120.     The allegations set forth in Paragraph 120 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

121.     The allegations set forth in Paragraph 121 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

122.     The allegations set forth in Paragraph 122 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

123.     The allegations set forth in Paragraph 123 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

124.     The allegations set forth in Paragraph 124 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 29
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 29 of 60

evidence of its contents. To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

125. The allegations set forth in Paragraph 125 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

126. The allegations set forth in Paragraph 126 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

127. The allegations set forth in Paragraph 127 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

128. The allegations set forth in Paragraph 128 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

129. The allegations set forth in Paragraph 129 contain Plaintiffs' characterization of the DEIS, which requires no response as the DEIS speaks for itself and contains the best

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 30
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG
Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 30 of 60

evidence of its contents. To the extent the allegations are inconsistent with the DEIS, and a response is deemed required, the Borough denies the allegations.

130. The allegations set forth in Paragraph 130 contain Plaintiffs' characterization of public comments on the DEIS, which requires no response as the public comments speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the public comments, and a response is deemed required, the Borough denies the allegations.

131. The allegations set forth in Paragraph 131 contain Plaintiffs' characterization of public comments on the DEIS, which requires no response as the public comments speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the public comments, and a response is deemed required, the Borough denies the allegations.

132. The allegations set forth in the first sentence of Paragraph 132 are vague and ambiguous, and the Borough denies them on that basis. The allegations set forth in the second, third, and fourth sentences in Paragraph 132 contain Plaintiffs' characterization of Corps documents and a letter from Plaintiff Alaska Wilderness League to the BLM, which requires no response as the Corps documents and letter speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the Corps documents or letter, and a response is deemed required, the Borough denies the allegations. The allegations set forth in the fifth sentence of Paragraph 132 contain Plaintiffs' characterization of agency actions, which requires no response as the

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 31
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

agency actions speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions, and a response is deemed required, the Borough denies the allegations. The Borough admits the allegations set forth in the sixth sentence of Paragraph 132.

133. The Borough admits that the BLM issued a supplemental DEIS but denies the remaining allegations set forth in Paragraph 133.

134. The allegations set forth in Paragraph 134 contain Plaintiffs' characterization of the supplemental DEIS, which requires no response as the supplemental DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the supplemental DEIS, and a response is deemed required, the Borough denies the allegations.

135. The allegations set forth in Paragraph 135 contain Plaintiffs' characterization of the supplemental DEIS, which requires no response as the supplemental DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the supplemental DEIS, and a response is deemed required, the Borough denies the allegations.

136. The allegations set forth in Paragraph 136 contain Plaintiffs' characterization of the supplemental DEIS, which requires no response as the supplemental DEIS speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the supplemental DEIS, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 32
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 32 of 60

137.    The allegations set forth in Paragraph 137 contain Plaintiffs' characterization of the supplemental DEIS, which requires no response as the supplemental DEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the supplemental DEIS, and a response is deemed required, the Borough denies the allegations.

138.    The allegations set forth in Paragraph 138 contain Plaintiffs' characterization of the supplemental DEIS, which requires no response as the supplemental DEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the supplemental DEIS, and a response is deemed required, the Borough denies the allegations.

139.    The allegations set forth in Paragraph 139 contain Plaintiffs' characterization of agency actions and the supplemental DEIS, which requires no response as the agency actions and the supplemental DEIS speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the supplemental DEIS, and a response is deemed required, the Borough denies the allegations.

140.    The allegations set forth in Paragraph 140 contain Plaintiffs' characterization of agency actions and the FEIS, which requires no response as the agency actions and the FEIS speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the FEIS, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 33
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

141.    The allegations set forth in Paragraph 141 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

142.    The allegations set forth in Paragraph 142 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

143.    The allegations set forth in Paragraph 143 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

144.    The allegations set forth in Paragraph 144 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

145.    The allegations set forth in Paragraph 145 contain Plaintiffs' characterization of DEIS and the FEIS, which requires no response as the DEIS and the FEIS speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the DEIS or the FEIS, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 34
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

146.    The allegations set forth in Paragraph 146 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

147.    The allegations set forth in Paragraph 147 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

148.    The allegations set forth in Paragraph 148 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

149.    The allegations set forth in Paragraph 149 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

150.    The allegations set forth in Paragraph 150 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 35
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 35 of 60

151.    The allegations set forth in Paragraph 151 contain Plaintiffs' characterization of the FEIS, which requires no response as the FEIS speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the FEIS, and a response is deemed required, the Borough denies the allegations.

<u>BLM's Willow Record of Decision</u>

152.    The allegations set forth in Paragraph 152 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

153.    Paragraph 153 contains legal conclusions, to which no response is required, and purports to characterize the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

154.    The allegations set forth in Paragraph 154 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 36
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 36 of 60

155.    The allegations set forth in Paragraph 155 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

156.    The allegations set forth in Paragraph 156 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

157.    The allegations set forth in Paragraph 157 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

158.    The allegations set forth in Paragraph 158 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 37
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 37 of 60

159.    The allegations set forth in Paragraph 159 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

160.    The allegations set forth in Paragraph 160 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

161.    The allegations set forth in Paragraph 161 contain Plaintiffs' characterization of the BLM ROD, which requires no response as the BLM ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BLM ROD, and a response is deemed required, the Borough denies the allegations.

162.    The Borough lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 162, and the allegations are therefore denied.

### FWS's Willow Biological Opinion and Letter of Authorization

163.    The allegations set forth in Paragraph 163 contain Plaintiffs' characterization of agency actions and the BiOp, which requires no response as the agency actions and the

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 38
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

BiOp speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the agency actions or the BiOp, and a response is deemed required, the Borough denies the allegations.

164. The allegations set forth in Paragraph 164 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

165. The allegations set forth in Paragraph 165 contain Plaintiffs' characterization of the BiOp and a publicly available document, which requires no response as the BiOp and document speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the BiOp or the specified document, and a response is deemed required, the Borough denies the allegations.

166. The allegations set forth in Paragraph 166 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

167. The allegations set forth in Paragraph 167 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 39
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

168.    The allegations set forth in Paragraph 168 contain Plaintiffs' characterization of federal statutes, regulations, and the BiOp, which requires no response as the statutes, regulations, and BiOp speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the statutes, regulations, or BiOp, and a response is deemed required, the Borough denies the allegations.

169.    The allegations set forth in Paragraph 169 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

170.    The allegations set forth in Paragraph 170 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

171.    The allegations set forth in Paragraph 171 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

172.    The allegations set forth in Paragraph 172 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 40
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 40 of 60

173.    The allegations set forth in Paragraph 173 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

174.    The allegations set forth in Paragraph 174 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

175.    The allegations set forth in Paragraph 175 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

176.    The allegations set forth in Paragraph 176 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

177.    The allegations set forth in Paragraph 177 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 41
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 41 of 60

178.    The allegations set forth in Paragraph 178 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

179.    The allegations set forth in Paragraph 179 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

180.    The allegations set forth in Paragraph 180 contain Plaintiffs' characterization of FWS's Letter of Authorization, which requires no response as the Letter of Authorization speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the Letter of Authorization, and a response is deemed required, the Borough denies the allegations.

### The Corps' Willow Record of Decision

181.    The allegations set forth in Paragraph 181 contain Plaintiffs' characterization of agency actions and the Corps ROD, which requires no response as the agency actions and the Corps ROD speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the Corps ROD, and a response is deemed required, the Borough denies the allegations.

182.    The allegations set forth in Paragraph 182 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 42
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

contains the best evidence of its contents. To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

183. The allegations set forth in Paragraph 183 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

184. The allegations set forth in Paragraph 184 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

185. The allegations set forth in Paragraph 185 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

186. The allegations set forth in Paragraph 186 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 43
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

187.    The allegations set forth in Paragraph 187 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

188.    The allegations set forth in Paragraph 188 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

189.    The allegations set forth in Paragraph 189 contain Plaintiffs' characterization of the Corps ROD and certain comments submitted by the public and regulatory agencies, which requires no response as the Corps ROD and comments speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the Corps ROD or the specified comments, and a response is deemed required, the Borough denies the allegations.

190.    The allegations set forth in Paragraph 190 contain Plaintiffs' characterization of certain comments submitted by the Environmental Protection Agency ("EPA"), which requires no response as the comments speaks for themselves and contain the best

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 44
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

evidence of their contents. To the extent the allegations are inconsistent with the specified comments, and a response is deemed required, the Borough denies the allegations.

191. The allegations set forth in Paragraph 191 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

192. Paragraph 192 contains legal conclusions, to which no response is required, and purports to characterize a federal regulation, the Corps ROD, and the FEIS, which requires no response as the regulation, Corps ROD, and FEIS speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the regulation, Corps ROD, or FEIS or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

193. Paragraph 193 contains legal conclusions, to which no response is required, and purports to characterize the Corps ROD and the FEIS, which requires no response as the Corps ROD and FEIS speak for themselves and contain the best evidence of their contents. To the extent the allegations are inconsistent with the Corps ROD or FEIS or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 45
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 45 of 60

194.   The allegations set forth in Paragraph 194 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

195.   The allegations set forth in Paragraph 195 contain Plaintiffs' characterization of the Corps ROD and certain comments submitted by the EPA, which requires no response as the Corps ROD and comments speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the Corps ROD or specified comments, and a response is deemed required, the Borough denies the allegations.

196.   The allegations set forth in Paragraph 196 contain Plaintiffs' characterization of the Corps ROD, which requires no response as the Corps ROD speaks for itself and contains the best evidence of its contents.  To the extent the allegations are inconsistent with the Corps ROD, and a response is deemed required, the Borough denies the allegations.

197.   The allegations set forth in Paragraph 197 contain Plaintiffs' characterization of the Corps ROD, certain comments submitted by the public, and responses to those comments, which requires no response as the Corps ROD, comments, and responses speak for themselves and contain the best evidence of their contents.  To the extent the

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 46
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

allegations are inconsistent with the Corps ROD, specified comments, or responses, and a response is deemed required, the Borough denies the allegations.

198.    The allegations set forth in Paragraph 198 contain Plaintiffs' characterization of the Corps ROD, certain comments submitted by the public, and responses to those comments, which requires no response as the Corps ROD, comments, and responses speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the Corps ROD, specified comments, or responses, and a response is deemed required, the Borough denies the allegations.

199.    The allegations set forth in Paragraph 199 contain Plaintiffs' characterization of the Corps ROD and responses to certain comments submitted by the public, which requires no response as the Corps ROD and responses speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the Corps ROD or specified responses, and a response is deemed required, the Borough denies the allegations.

200.    The allegations set forth in Paragraph 200 contain Plaintiffs' characterization of the Corps ROD, certain comments submitted by the public, and responses to those comments, which requires no response as the Corps ROD, comments, and responses speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the Corps ROD, specified comments, or responses, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 47
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 47 of 60

# CLAIMS FOR RELIEF

## COUNT I
### (Violation of NEPA — BLM and the Corps' Failure to Take a Hard Look at Direct, Indirect, and Cumulative Impacts and Mitigation Measures)

201.    The Borough hereby incorporates by reference its responses to all preceding Paragraphs as if fully restated herein.

202.    Paragraph 202 contains legal conclusions, to which no response is required, and purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or regulations or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

203.    Paragraph 203 contains legal conclusions, to which no response is required, and purports to characterize federal regulations, which requires no response as the regulations speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the regulations or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

204.    The Borough denies the allegations set forth in Paragraph 204.

205.    The Borough denies the allegations set forth in Paragraph 205.

206.    The Borough denies the allegations set forth in Paragraph 206.

207.    The Borough denies the allegations set forth in Paragraph 207.

208.    The Borough denies the allegations set forth in Paragraph 208.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 48
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

209.    The Borough denies the allegations set forth in Paragraph 209.

**Count II**
**(Violation of NEPA — BLM and the Corps' Failure to Obtain Sufficient**
**Information Regarding Baseline Environmental Conditions)**

210.    The Borough hereby incorporates by reference its responses to all preceding

Paragraphs as if fully restated herein.

211.    Paragraph 211 contains legal conclusions, to which no response is required, and

purports to characterize a federal statute and regulation, which requires no response as the

statute and regulation speak for themselves and contain the best evidence of their

contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or

regulation or contain legal conclusions, and a response is deemed required, the Borough

denies the allegations.

212.    The Borough denies the allegations set forth in Paragraph 212.

213.    The Borough denies the allegations set forth in Paragraph 213.

214.    The Borough denies the allegations set forth in Paragraph 214.

**COUNT III**
**(Violation of NEPA — BLM and the Corps' Failure to Consider an Adequate Range**
**of Alternatives)**

215.    The Borough hereby incorporates by reference its responses to all preceding

Paragraphs as if fully restated herein.

216.    Paragraph 216 contains legal conclusions, to which no response is required, and

purports to characterize a federal statute and regulations, which requires no response as

the statute and regulations speak for themselves and contain the best evidence of their

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 49
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

contents. To the extent Plaintiffs' allegations are inconsistent with the statute or regulations or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

217. The Borough denies the allegations set forth in Paragraph 217.

218. The Borough denies the allegations set forth in Paragraph 218.

219. The Borough denies the allegations set forth in Paragraph 219.

220. The Borough denies the allegations set forth in Paragraph 220.

221. The Borough denies the allegations set forth in Paragraph 221.

## Count IV
### (Violation of FLPMA — BLM's Failure to Require a Complete Right-of-Way Application)

222. The Borough hereby incorporates by reference its responses to all preceding Paragraphs as if fully restated herein.

223. Paragraph 223 contains legal conclusions, to which no response is required, and purports to characterize a federal statute and regulation, which requires no response as the statute and regulation speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the statute or regulation or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

224. The Borough denies the allegations set forth in Paragraph 224.

225. The allegations set forth in Paragraph 225 contain Plaintiffs' characterization of agency actions and the BLM ROD, which requires no response as the agency actions and

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 50
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

the BLM ROD speak for themselves and contain the best evidence of their contents.  To the extent the allegations are inconsistent with the agency actions or the BLM ROD, and a response is deemed required, the Borough denies the allegations.

226.    The Borough denies the allegations set forth in Paragraph 226.

227.    The Borough denies the allegations set forth in Paragraph 227.

228.    The Borough denies the allegations set forth in Paragraph 228.

## Count V
### (Violation of FLPMA — BLM's Failure to Protect the Environment and Public Interest)

229.    The Borough hereby incorporates by reference its responses to all preceding Paragraphs as if fully restated herein.

230.    Paragraph 230 contains legal conclusions, to which no response is required, and purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

231.    The Borough denies the allegations set forth in Paragraph 231.

232.    The Borough denies the allegations set forth in Paragraph 232.

233.    The Borough denies the allegations set forth in Paragraph 233.

234.    The Borough denies the allegations set forth in Paragraph 234.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 51
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 51 of 60

## Count VI
## (Violation of ESA Section 7 and the APA — FWS's Failure to Prepare a Legally Sufficient BiOp)

235.   The Borough hereby incorporates by reference its responses to all preceding Paragraphs as if fully restated herein.

236.   Paragraph 236 contains legal conclusions, to which no response is required, and purports to characterize federal statutes, which requires no response as the statutes speak for themselves and contain the best evidence of their contents.  To the extent Plaintiffs' allegations are inconsistent with the statutes or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

237.   Paragraph 237 contains legal conclusions, to which no response is required, and purports to characterize a federal statute, which requires no response as the statute speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the statute or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

238.   The first, second, and third sentences of Paragraph 238 purport to characterize the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents.  To the extent Plaintiffs' allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.  The Borough denies the allegations set forth in the fourth sentence of Paragraph 238.

239.   The first sentence of Paragraph 239 contains legal conclusions, to which no response is required, and purports to characterize a federal statute, which requires no

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 52
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

response as the statute speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the statute or contain legal conclusions, and a response is deemed required, the Borough denies the allegations. The second and third sentences of Paragraph 239 purport to characterize the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations. The Borough denies the allegations set forth in the fourth sentence of Paragraph 239.

240. The allegations set forth in Paragraph 240 contain Plaintiffs' characterization of the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents. To the extent the allegations are inconsistent with the BiOp, and a response is deemed required, the Borough denies the allegations.

241. The first sentence of Paragraph 241 purports to characterize a publicly available document, which requires no response as the document speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the specified document, and a response is deemed required, the Borough denies the allegations. The second, third, and fourth sentences of Paragraph 241 contain legal conclusions, to which no response is required, and purport to characterize the BiOp, which requires no response as the BiOp speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the BiOp or contain legal conclusions, and a response is deemed required, the Borough denies the

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 53
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

allegations. The Borough denies the allegations set forth in the fifth sentence of Paragraph 241.

242. The first, second, third, and fourth sentences of Paragraph 242 contain legal conclusions, to which no response is required, and purport to characterize the BiOp and BLM ROD, which requires no response as the BiOp and BLM ROD speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the BiOp or BLM ROD or contain legal conclusions, and a response is deemed required, the Borough denies the allegations. The Borough denies the allegations set forth in the fifth and sixth sentences of Paragraph 242.

243. The Borough denies the allegations set forth in Paragraph 243.

**Count VII**
**(Violation of CWA — Corps' Failure to Obtain Sufficient Information to Determine Significant Degradation)**

244. The Borough hereby incorporates by reference its responses to all preceding Paragraphs as if fully restated herein.

245. Paragraph 245 contains legal conclusions, to which no response is required, and purports to characterize a federal agency guidance document and a federal regulation, which requires no response as the document and regulation speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the specified document or regulation or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 54
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

246. Paragraph 246 contains legal conclusions, to which no response is required, and purports to characterize a federal regulation, which requires no response as the regulation speaks for itself and contains the best evidence of its contents. To the extent Plaintiffs' allegations are inconsistent with the regulation or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

247. The Borough denies the allegations set forth in Paragraph 247.

248. The Borough denies the allegations set forth in Paragraph 248.

249. The Borough denies the allegations set forth in Paragraph 249.

250. The Borough denies the allegations set forth in Paragraph 250.

## Count VII
### (Violation of CWA — Corps' Failure to Consider Secondary and Cumulative Effects)

251. The Borough hereby incorporates by reference its responses to all preceding Paragraphs as if fully restated herein.

252. Paragraph 252 contains legal conclusions, to which no response is required, and purports to characterize a federal statute and regulations, which requires no response as the statute and regulations speak for themselves and contain the best evidence of their contents. To the extent Plaintiffs' allegations are inconsistent with the statute or regulations or contain legal conclusions, and a response is deemed required, the Borough denies the allegations.

253. The Borough denies the allegations set forth in Paragraph 253.

254. The Borough denies the allegations set forth in Paragraph 254.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 55
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

## REQUEST FOR RELIEF

The allegations set forth in these Paragraphs 1 through 10 consist of Plaintiffs' request for relief, to which no response is required. To the extent that a response is required, the Borough denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## GENERAL DENIAL

The Borough denies any allegations contained in Plaintiffs' First Amended and Supplemental Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein. To the extent that the Borough has failed to respond to any allegations in the First Amended and Supplemental Complaint, the Borough denies the allegations.

## AFFIRMATIVE DEFENSES

The Borough asserts the following affirmative defenses to the First Amended and Supplemental Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

As a separate and distinct affirmative defense to the First Amended and Supplemental Complaint and to each claim for relief contained therein, the Borough is informed and believes, and on that basis alleges, that this Court lacks subject matter jurisdiction over one of more of Plaintiffs' claims.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 56
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

## SECOND AFFIRMATIVE DEFENSE

### (Lack of Justiciability)

As a separate and distinct affirmative defense to the First Amended and Supplemental Complaint and to each claim for relief contained therein, the Borough is informed and believes, and on that basis alleges, that some or all of Plaintiffs' claims are not justiciable because they are not ripe for review or that Plaintiffs have failed to exhaust their administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim on Which Relief May Be Granted)

As a separate and distinct affirmative defense to the First Amended and Supplemental Complaint and to each claim for relief contained therein, the Borough is informed and believes, and on that basis alleges, that Plaintiffs fail to state a claim on which relief may be granted.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

As a separate and distinct affirmative defense to the First Amended and Supplemental Complaint and to each claim for relief contained therein, the Borough is informed and believes, and on that basis alleges, that Plaintiffs lack standing to assert some or all of their claims.

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT – 57
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No. 3:20-cv-00290-SLG

Case 3:20-cv-00290-SLG   Document 82   Filed 04/02/21   Page 57 of 60

## FIFTH AFFIRMATIVE DEFENSE

### (Claim Barred by Statute of Limitations)

As a separate and distinct affirmative defense to the First Amended and Supplemental Complaint and to each claim for relief contained therein, the Borough is informed and believes, and on that basis alleges, that some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Additional Defenses)

As a separate and distinct affirmative defense to the First Amended and Supplemental Complaint and to each claim for relief contained therein, the Plaintiffs have failed to particularize their claims, or the Borough's lack of knowledge of the circumstances of the Plaintiffs' claims prevents the Borough from asserting all applicable defenses at this time. The Borough reserves the right to assert additional affirmative defenses as they become evident.

WHEREFORE, the Borough prays for relief as follows:

1. That the First Amended and Supplemental Complaint be dismissed, with prejudice and in its entirety;

2. That Plaintiffs take nothing by reason of this First Amended and Supplemental Complaint and that judgment be entered against Plaintiffs and in favor of the Borough;

3. That the Borough be awarded its costs incurred in defending this action; and

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 58
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

4.     That the Borough be granted such other and further relief as the Court may deem just and proper.


DATED April 2, 2021.


                              Respectfully submitted,

                              /s/ Tyson C. Kade
                              Tyson C. Kade, D.C. Bar # 1018014, *Pro Hac Vice*
                              Jonathan D. Simon, Alaska Bar # 0911069
                              Melinda L. Meade Meyers, Alaska Bar # 2006053
                              VAN NESS FELDMAN, LLP
                              1050 Thomas Jefferson Street, NW
                              Seventh Floor
                              Washington, DC 20007
                              Tel.: 202.298.1800
                              Fax: 202.338.2416
                              Email: tck@vnf.com
                                     jxs@vnf.com
                                     mmeademeyers@vnf.com

                              *Counsel for Intervenor-Defendant*
                              *North Slope Borough*

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 59
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of April 2021, I filed a true and correct copy of

the foregoing document with the Clerk of the Court for the United District Court –

District of Alaska by using the CM/ECF system.  Participants in this Case No. 3:20-cv-

00290-SLG who are registered CM/ECF users will be served electronically by the

CM/ECF system.

/s/ Melinda L. Meade Meyers
Melinda L. Meade Meyers

ANSWER OF NORTH SLOPE BOROUGH TO FIRST AMENDED AND
SUPPLEMENTAL COMPLAINT – 60
*Sovereign Iñupiat for a Living Arctic, et al., v. Bureau of Land Mgmt., et al.*, Case No.
3:20-cv-00290-SLG