TREG R. TAYLOR
ATTORNEY GENERAL

John M. Ptacin (Alaska Bar No. 0412106)
Chief Assistant Attorney General
Ronald W. Opsahl (AK Bar No. NA20118)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: john.ptacin@alaska.gov
	ron.opsahl@alaska.gov

*Attorneys for the State of Alaska*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Sovereign Iñupiat for a Living Arctic, *et al.* | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| Bureau of Land Management, *et al.*, | ) **Case No. 3:20-cv-00290-SLG** ) |
| Defendants, | ) ) |
| and | ) ) |
| ConocoPhillips Alaska, Inc. and North Slope Borough, | ) ) ) |
| Intervenor-Defendants. | ) ) |
| Center for Biological Diversity, *et al.*, | ) ) |
| Plaintiffs, | ) |

|                                               | )  |                              |
|-----------------------------------------------|----|------------------------------|
| v.                                            | )  |                              |
|                                               | )  |                              |
| Bureau of Land Management, *et al*.,          | )  | **Case No. 3:20-cv-00308-SLG** |
|                                               | )  |                              |
| and                                           | )  |                              |
|                                               | )  |                              |
| ConocoPhillips Alaska, Inc. and               | )  |                              |
| North Slope Borough,                          | )  |                              |
|                                               | )  | **State of Alaska's Memorandum** |
| Intervenor-Defendants.                        | )  | **In Support of Motion to Intervene** |
|                                               | )  |                              |

Concurrently, the State of Alaska ("State"),[1] seeks to intervene in two related cases, *Sovereign Iñupiat for a Living Arctic v. Bureau of Land Management*, Case No. 3:20-cv-0290-SLG and *Center for Biological Diversity v. Bureau of Land Management*, Case No. 3:20-cv-0308-SLG, and hereby files this Memorandum in Support of its Motion to Intervene in the above-captioned cases.

## INTRODUCTION

Plaintiffs in these related cases collectively challenge the Bureau of Land Management's ("BLM") approval of the Willow Master Development Plan, which authorizes oil and gas development from up to five drilling sites in the northeastern portion of the National Petroleum Reserve-Alaska. *See* BLM, Willow Master

---

[1] During preliminary injunction briefing in these cases, the State of Alaska participated as an *amicus curiae*, filing briefs in opposition to plaintiffs' requested injunctive relief. *See* ECF Nos. 23, 34 (Case No. 0290); ECF Nos. 25, 48 (Case No. 0308). In order to fully defend its interests, the State now seeks party status as an intervenor-defendant.

*Sovereign Iñupiat for a Living Arctic, et al. v.*     Case No.: 3:20-cv-00290/308-SLG
  *Bureau of Land Mgmt., et al.*     Page 2 of 13
State of Alaska's Memo ISO Motion to Intervene

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 2 of 13

Development Plan, Record of Decision (Oct. 2020) ("ROD")[2]; BLM, Willow Master Development Plan Environmental Impact Statement (Aug. 2020) ("FEIS").[3] Plaintiffs in each case present several legal theories under various environmental and natural resources statutes. The *Sovereign Iñupiat for a Living Arctic* plaintiffs ("SILA") allege that the FEIS and ROD are deficient under the National Environmental Policy Act ("NEPA") and the Federal Land Policy Management Act ("FLPMA"). Moreover, SILA challenges the U.S Fish & Wildlife Service's ("FWS") Biological Opinion ("BiOp") issued under the Endangered Species Act ("ESA") in relation to the Willow Master Development Plan and the U.S. Army Corps of Engineers approval of a dredge and fill permit under Section 404 of the Clean Water Act. First Am. & Supp. Compl. (ECF No. 36, Case No. 0290). The *Center for Biological Diversity* plaintiffs ("CBD") limit their challenge to claims under NEPA and the ESA against BLM and FWS. Am. Compl. (ECF No. 68, Case No. 0308). All plaintiffs seek to have the Willow Master Development Plan, and related decisional documents, set aside under the Administrative Procedure Act.

Despite Plaintiffs' preliminary injunction motions and related appeal to the Ninth Circuit, these cases remain in relatively early stages. Both cases are proceeding along parallel tracks, with coordinated briefing schedules governing the merits. Under the

---

[2] *Available at* https://eplanning.blm.gov/public_projects/109410/200258032/20029172/250035373/2020-10-27_ROD_508.pdf.
[3] *Available at* https://eplanning.blm.gov/public_projects/109410/200258032/20028362/250034564/20200807_Willow%20MDP%20FEIS_Volume1_508.pdf.

*Sovereign Iñupiat for a Living Arctic, et al. v.*     Case No.: 3:20-cv-00290/308-SLG
  *Bureau of Land Mgmt., et al.*     Page 3 of 13
State of Alaska's Memo ISO Motion to Intervene

Case 3:20-cv-00290-SLG    Document 92-1    Filed 04/15/21    Page 3 of 13

current schedules, plaintiffs in both cases shall submit their opening briefs on or before April 23, 2021. ECF No. 87, Case No. 0290; ECF No. 84, Case No. 0308. Defendants and Intervenor-Defendants shall submit their response briefs on or before May 26, 2021. *Id.* And Plaintiffs shall submit their optional reply briefs on or before June 11, 2021. *Id.* Finally, an appendix to the record may be submitted on or before June 25, 2021. *Id.*

In order to defend their interests in the Willow Master Development Plan, the State seeks to intervene in these related cases. Intervention is proper because this motion is timely, the State has significant, protectable interests, no existing party can effectively represent the State's interests, and no party would be prejudiced by intervention.

## ARGUMENT

### I. THE STATE IS ENTITLED TO INTERVENTION AS OF RIGHT.

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24 (a)(2).

Intervention of right under Rule 24(a)(2) involves application of a four-part test. First, the applicant's motion must be timely. Second, the applicant must assert an interest relating to the transaction or property that is the subject of the action. Third, the applicant must show that its interest may be impaired by the action. Fourth, the interests of the

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*  Case No.: 3:20-cv-00290/308-SLG
State of Alaska's Memo ISO Motion to Intervene  Page 4 of 13

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 4 of 13

applicant must not be represented adequately by the parties already involved in the action. *Sw. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 817–818 (9th Cir. 2001); *Sierra Club v. United States Envtl. Prot. Agency*, 995 F.2d 1478, 1481 (9th Cir. 1993). This intervention test is to be "broadly construed in favor of proposed intervenors." *United States ex rel. McGough v. Covington Techs. Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992); *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 ("In general, we construe Rule 24(a) liberally in favor of potential intervenors."); *United States v. Los Angeles*, 288 F.3d 391, 397–398 (9th Cir. 2002).

### A. The Motion Is Timely.

The Ninth Circuit considers three factors when evaluating the timeliness of a motion to intervene: (1) the stage of the proceedings; (2) the prejudice to the other parties; and (3) the reason for and length of the delay. *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1319 (9th Cir. 1997); *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995); *see Hodgson v. U. Mine Workers of Am.*, 473 F.2d 118, 129 (D.C. Cir. 1972) ("While timeliness is a prerequisite to any claim for intervention under Rule 24, it is settled—particularly where intervention is sought as of right—that the amount of time which has elapsed since the litigation began is not in itself the determinative test of timeliness." (internal footnotes omitted)). Here, briefing on the merits has not yet begun and plaintiffs will not be prejudiced by the State's participation as an intervenor. The State is prepared to comply with the existing briefing schedule and the State's involvement as an intervenor should

*Sovereign Iñupiat for a Living Arctic, et al. v.*  Case No.: 3:20-cv-00290/308-SLG
 *Bureau of Land Mgmt., et al.*  Page 5 of 13
State of Alaska's Memo ISO Motion to Intervene

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 5 of 13

not affect the contents of plaintiffs' opening briefs. Further, the State has participated in this action during plaintiffs' motions for preliminary injunction as an amicus curiae. Therefore, plaintiffs are aware of the State's interest in this case, and that it was likely that the State would seek further involvement at the merits stage. Finally, because there are other intervenor-defendants already participating in this action, the existing briefing schedule already anticipates multiple response briefs being submitted.[4] Accordingly, the existing parties will not be prejudiced by the proposed intervention. The motion should be deemed timely.

### B. The State Has Significantly Protectable Interests in This Case.

To intervene as a matter of right, an applicant must establish "a 'protectable interest' in the outcome of the litigation of sufficient magnitude to warrant inclusion in the action." *Smith v. Pangilinan*, 651 F.2d 1320, 1324 (9th Cir. 1981); *see also Donaldson v. United States*, 400 U.S. 517, 531 (1971). Rule 24(a)(2) does not require a specific type of legal or equitable interest to support intervention. *See Sw. Ctr. for Biological Diversity*, 268 F.3d at 818. "Rather, it is generally enough that [1] the interest is protectable under some law, and [2] that there is a relationship between the legally protected interest and the claims at issue." *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (quoting *Sierra Club*, 995 F.2d at 1484). A prospective intervenor "has a sufficient interest for intervention purposes if it will

---

[4] The State will coordinate with other intervenor-defendants to the maximum extent practicable to limit the potential for duplicative argument in its response brief.

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*     Case No.: 3:20-cv-00290/308-SLG
State of Alaska's Memo ISO Motion to Intervene     Page 6 of 13

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 6 of 13

suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

Various types of interests have supported intervention, and the Ninth Circuit has held that "[a]n applicant demonstrates a 'significantly protectable interest' when 'the injunctive relief sought by the plaintiffs will have direct, immediate, and harmful effects upon a third party's legally protectable interests.'" *Sw. Ctr. for Biological Diversity*, 268 F.3d at 818 (quoting *Forest Conservation Council v. U.S. Forest Serv.*, 66 F.3d 1489, 1494 (9th Cir.1995), *abrogated on other grounds by Wilderness Soc'y*, 630 F.3d at 1177–1180). In addition, an economic interest that is "concrete and related to the underlying subject matter of the action" may support intervention under Rule 24(a)(2). *United States v. Alisal Water Corp.*, 370 F.3d 915, 919–920 (9th Cir. 2004).

The outcome of the instant case poses a direct and substantial threat to the State's economic interests. The revenue from oil and gas development under the Willow Master Development Plan could potentially generate billions of dollars to the State from direct payments associated with federal oil and gas leasing in the area. *See* FEIS, Appx. E.15[5] at 6 (estimating between $4.8 billion and $12.9 billion in state royalties and taxes and over $1.2 billion in property tax to the North Slope Borough over the life of the plan). This sum does not include other economic impacts that would benefit the State, including an increase in direct and indirect jobs associated with the activities from the Willow

---

[5] *Available at* https://eplanning.blm.gov/public_projects/109410/200258032/20028369/250034571/20200807_Willow%20MDP%20FEIS_Volume6_508.pdf.

*Sovereign Iñupiat for a Living Arctic, et al. v.*     Case No.: 3:20-cv-00290/308-SLG
  *Bureau of Land Mgmt., et al.*     Page 7 of 13
State of Alaska's Memo ISO Motion to Intervene

Master Development Plan. *See* FEIS, Appx. E.15 at 8–9 (estimates of potential labor income effects). Because this case ultimately attempts to prevent any development under the Willow Master Development Plan, the State has a legally protectable interest that this Court should find sufficient to support intervention as of right under Rule 24(a).

### C. Disposition of This Action Will Impair or Impede the State's Interests.

The third element in the four-part test, impairment, "follows from the factors" related to an applicants' protectable interest. *See Sierra Club*, 995 F.2d at 1486. Indeed, the question of impairment is not separate from the question of existence of an interest. *See, e.g.*, *Natural Res. Def. Council, Inc. v. U.S. Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1345 (10th Cir. 1978). Moreover, this burden is minimal. The Advisory Committee Notes for Rule 24 provide that, "[i]f an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Advisory Committee's Notes, Fed. R. Civ. P. 24 (1966); *see also Forest Conservation Council*, 66 F.3d at 1498. A prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *Wilderness Soc'y*, 630 F.3d at 1178 (quoting *Lockyer*, 450 F.3d at 441). In reviewing this criterion, the courts look to the "'practical consequences' of denying intervention, even where the possibility of future challenge to the regulation remain[s] available." *See, e.g.*, *Natural Res. Def. Council*, 578 F.2d at 1345. Considering the State's significant economic interests in the development authorized by the Willow Master Development Plan, the third element for
*Sovereign Iñupiat for a Living Arctic, et al. v.*     Case No.: 3:20-cv-00290/308-SLG
 *Bureau of Land Mgmt., et al.*     Page 8 of 13
State of Alaska's Memo ISO Motion to Intervene

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 8 of 13

intervention is clearly met. This action's disposition, as a practical matter, may impair or impede the State's ability to protect its asserted interests.

### D. The State's Interests Are Not Represented by the Existing Parties.

The fourth prong of the test for intervention as of right is to show that the proposed intervenor's interests will not be adequately protected by the existing parties. The burden under this prong is "minimal"; that is, a party seeking to intervene need only show that representation of its interest "may be inadequate." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972). The Ninth Circuit considers numerous factors to determine whether the applicant for intervention's interests will be adequately represented by an existing party, including: "(1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect." *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 838 (9th Cir. 1996). Although the applicant for intervention bears the burden of demonstrating that the existing parties may not adequately represent its interest, it is sufficient for applicants to show that, because of the difference in their interests, it is likely that the BLM will not advance the same arguments as would the proposed intervenor. *Sw. Ctr. for Biological Diversity*, 268 F.3d at 823.

The objectives of the State are not identical to those of any existing party to this action. Although the BLM is required to consider public interest factors as part of its

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*
State of Alaska's Memo ISO Motion to Intervene

Case No.: 3:20-cv-00290/308-SLG
Page 9 of 13

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 9 of 13

decision-making process, the BLM's conclusions may not necessarily align with the interests of the State as a representative of its own interests and those of its citizens. For example, the State has a unique sovereign interest in encouraging the development of natural resources within the State. Alaska Const., Art. VIII, §§ 1, 2. Further, the interests of the State and the federal government are distinct. It is reasonably possible that the federal defendants may take a position later in this litigation that diverges from or is averse to the State's interest, making this a situation where the federal government, with "multiple interest to pursue, [may] not adequately pursue the particular interest" of the State. *San Juan Cty., Utah v. United States*, 503 F.3d 1163, 1203–1204 (10th Cir. 2007); *see also Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1107 (9th Cir. 2002).

Finally, although the State and ConocoPhillips Alaska, Inc., the project proponent, share the same goal of developing the Willow Project, ConocoPhillips is a private corporation serving the interests of its shareholders. *See Earthworks v. U.S. Dep't of Interior*, 2010 WL 3063143, *2 (D.D.C. 2010) ("Alaska's interests in the natural resources within state borders and the economic effects on the state of mining regulation are not necessarily represented by federal agencies or private companies"). The State serves the broader interests of the residents of the State of Alaska in the development of natural resources. Alaska Const., Art. VIII, § 1. Thus, there is a distinct possibility that representation of the State's interest by any other party to this litigation will be inadequate, and intervention should be granted.

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*
State of Alaska's Memo ISO Motion to Intervene

Case No.: 3:20-cv-00290/308-SLG
Page 10 of 13

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 10 of 13

### E. The State Has Article III Standing To Participate in This Action.

The State has standing to participate in this action under Article III of the U.S. Constitution, which requires a litigant to demonstrate that it has "suffered a concrete and particularized injury that is either actual or imminent, that the injury is fairly traceable to the defendant, and that it is likely that a favorable decision will redress that injury." *Massachusetts v. Envtl. Prot. Agency*, 549 U.S. 497, 517 (2007). The Supreme Court has acknowledged that for purposes of invoking jurisdiction, states are "not normal litigants," but rather act subject to a "well-founded desire to preserve [their] sovereign territory." *Id*. at 518–519. Here, the State seeks to intervene in order to collect significant royalties on the extraction of federal natural resources within the NPR-A and ensure responsible development that will eventually connect to projects on State land. Therefore, the State's "stake in the outcome of this case is sufficiently concrete" for this Court to confer standing. *Id*. at 519.

## II. THE STATE SATISFIES THE REQUIREMENTS FOR PERMISSIVE INTERVENTION.

Rule 24(b) of the Federal Rules of Civil Procedure governs permissive intervention and provides:

> On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact. . . . In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24(b)(1), (b)(3). Under Rule 24(b), the possibility of impairment of a significant protectable interest is not required. Instead, all that is necessary for permissive

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*  
State of Alaska's Memo ISO Motion to Intervene

Case No.: 3:20-cv-00290/308-SLG  
Page 11 of 13

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 11 of 13

intervention is that intervenor's "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b); *see also Kootenai Tribe*, 313 F.3d at 1110–1111. Rule 24(b) "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940). In this case, the State has defenses to the claims asserted by plaintiffs and to the relief being sought, which is a challenge to the Willow Master Development Plan FEIS and record of decision, that raise common questions of fact and law.

Rule 24(b) also requires the court to consider whether permissive intervention would cause undue delay or would prejudice adjudication of the rights of the original parties. In this case, there would be neither prejudice nor undue delay. Merits briefing has not yet begun and there is no reason why granting the State's intervenor status would prejudice the rights of the original parties. *See Spangler v. Pasadena City Board of Educ.*, 552 F.2d 1326, 1329 (9th Cir. 1977). Thus, at a minimum, this Court should grant the State permissive intervention because the State's defenses to the claims asserted by plaintiffs raise common questions of fact and law.

*Sovereign Iñupiat for a Living Arctic, et al. v.*     Case No.: 3:20-cv-00290/308-SLG
  *Bureau of Land Mgmt., et al.*     Page 12 of 13
State of Alaska's Memo ISO Motion to Intervene

Case 3:20-cv-00290-SLG   Document 92-1   Filed 04/15/21   Page 12 of 13

## CONCLUSION

For the foregoing reasons, the State of Alaska, respectfully requests that the Court grant it leave to intervene in this case as a matter of right, or, in the alternative, permissive intervention.

DATED: April 15, 2021.

TREG R. TAYLOR
ATTORNEY GENERAL

By: /s/ John M. Ptacin
John M. Ptacin
Chief Assistant Attorney General
Alaska Bar No. 0412106
Ronald W. Opsahl
Assistant Attorney General
Alaska Bar No. NA20118

Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: john.ptacin@alaska.gov
ron.opsahl@alaska.gov

*Attorneys for the State of Alaska*

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*
State of Alaska's Memo ISO Motion to Intervene

Case No.: 3:20-cv-00290/308-SLG
Page 13 of 13