TREG R. TAYLOR
ATTORNEY GENERAL

John M. Ptacin (Alaska Bar No. 0412106)
Chief Assistant Attorney General
Ronald W. Opsahl (AK Bar No. NA20118)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: john.ptacin@alaska.gov
        ron.opsahl@alaska.gov

*Attorneys for the State of Alaska*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| Sovereign Iñupiat for a Living Arctic, *et al.* | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| Bureau of Land Management, *et al.*, | ) ) | **Case No. 3:20-cv-00290-SLG** |
| Defendants, | ) ) | |
| and | ) ) | |
| ConocoPhillips Alaska, Inc. and North Slope Borough, | ) ) ) | |
| Intervenor-Defendants. | ) ) | |

## [PROPOSED] ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Applicant in Intervention, the State of Alaska, hereby responds to Plaintiffs' First

Amended Complaint for Declaratory and Injunctive Relief (ECF No. 36) as follows:

## I.     NATURE OF THE CASE

1.     Paragraph 1 consists of a summary of the claims and assertions of

Plaintiffs' First Amended Complaint, which are responded to below and to which no

separate response is required. To the extent that a response is deemed necessary, the State

denies every allegation not specifically admitted below.

2.     The State admits that the proposed Willow Project would be located within

the northeastern portion of the National Petroleum Reserve–Alaska ("NPR-A").

The State further admits that, in 1923, the Naval Petroleum Reserve Numbered 4, Alaska,

was initially established to provide hydrocarbons for use by the United States Navy.

Further, the State admits that Naval Petroleum Reserve Numbered 4 was renamed the

NPR-A by the Naval Petroleum Reserves Production Act of 1976 ("NPRPA"). 42 U.S.C.

§ 6502. The main purpose of the NPR-A is to provide for the exploration, development,

and production of hydrocarbons. *Id.* §§ 6504, 6506a. Finally, the State admits that the

Secretary of the Interior may impose restrictions to protect any significant subsistence,

recreational, fish and wildlife, or historical or scenic value, but only to the extent that any

restriction is consistent with the purpose of the NPR-A. *Id.* §§ 6504(a), 6506a(b).

The State denies any remaining allegations in Paragraph 2.

3.     Paragraph 3 purports to characterize the Biological Opinion ("BiOp")

issued by the U.S. Fish and Wildlife Service ("FWS"), which speaks for itself and is the

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 2 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 2 of 40

best evidence of its contents; as such, the State denies every allegation in Paragraph 3 not consistent therewith. Moreover, Paragraph 3 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

4.     Paragraph 4 purports to characterize the Clean Water Act Section 404 Permit ("CWA 404 Permit") issued by the U.S. Army Corps of Engineers ("Corps"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 4 not consistent therewith. Moreover, Paragraph 4 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

5.     Paragraph 5 consists of a summary of the claims, assertions, and relief requested contained within Plaintiffs' First Amended Complaint, which are responded to below and to which no separate response is required. To the extent that a response is deemed necessary, the State denies every allegation not specifically admitted below.

## II.     JURISDICTION AND VENUE

6.     Paragraph 6 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

7.     Paragraph 7 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

8.     Paragraph 8 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 3 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 3 of 40

9. Paragraph 9 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## III. PARTIES

10. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 10 and, therefore, denies the same.

11. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 11 and, therefore, denies the same.

12. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 12 and, therefore, denies the same.

13. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 13 and, therefore, denies the same.

14. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 14 and, therefore, denies the same.

15. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 15 and, therefore, denies the same.

16. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 16 and, therefore, denies the same.

17. Denied.

18. Paragraph 18 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 4 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 4 of 40

19.      Paragraph 19 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

20.      Paragraph 20 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

21.      Admitted.

22.      Admitted.

23.      Admitted.

24.      Admitted.

25.      Admitted; however, the State notes that David Bernhardt was succeeded by Acting Secretary Scott de la Vega on January 20, 2021.

26.      Admitted.

27.      Admitted.

## IV.      STATUTORY AND REGULATORY BACKGROUND

28.      Paragraph 28 purports to characterize the National Environmental Policy Act ("NEPA") and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 28 not consistent therewith.

29.      Paragraph 29 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 29 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*      Case No.: 3:20-cv-00290-SLG
   *Bureau of Land Mgmt., et al.*      Page 5 of 40
State of Alaska's Answer

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 5 of 40

30.     Paragraph 30 purports to characterize NEPA, its implementing regulations, and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 30 not consistent therewith.

31.     Paragraph 31 purports to characterize NEPA, its implementing regulations, and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 31 not consistent therewith.

32.     Paragraph 32 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 32 not consistent therewith.

33.     Paragraph 33 purports to characterize NEPA, its implementing regulations, and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 33 not consistent therewith.

34.     Paragraph 34 purports to characterize NEPA, its implementing regulations, and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 34 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer
Case No.: 3:20-cv-00290-SLG
Page 6 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 6 of 40

35.     Paragraph 35 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 35 not consistent therewith.

36.     Paragraph 36 appears to characterize the Council on Environmental Quality's Forty Most Asked Questions Concerning CEQ's National Environmental Policy Act Regulations ("CEQ's 40 Questions"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 36 not consistent therewith.

37.     Paragraph 37 purports to characterize the Council on Environmental Quality 2020 NEPA regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 37 not consistent therewith.

38.     Paragraph 38 purports to characterize the Federal Land Policy and Management Act ("FLPMA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 38 not consistent therewith.

39.     Paragraph 39 purports to characterize FLPMA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 39 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 7 of 40

40.     Paragraph 40 purports to characterize FLPMA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 40 not consistent therewith.

41.     Paragraph 40 purports to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 41 not consistent therewith.

42.     Paragraph 42 purports to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 42 not consistent therewith.

43.     Paragraph 43 purports to characterize FLPMA and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 43 not consistent therewith.

44.     Paragraph 44 purports to characterize FLPMA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 44 not consistent therewith.

45.     Paragraph 45 purports to characterize the National Petroleum Reserves Production Act ("NPRPA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 45 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 8 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 8 of 40

46.     Paragraph 46 purports to characterize the NPRPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 46 not consistent therewith.

47.     Paragraph 47 purports to characterize the NPRPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 47 not consistent therewith.

48.     Paragraph 48 purports to characterize the Endangered Species Act ("ESA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 48 not consistent therewith.

49.     Paragraph 49 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 49 not consistent therewith.

50.     Paragraph 50 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 50 not consistent therewith.

51.     Paragraph 51 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 51 not consistent therewith.

52.     Paragraph 52 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 52 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 9 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 9 of 40

53.     Paragraph 53 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 53 not consistent therewith.

54.     Paragraph 54 purports to characterize the ESA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 54 not consistent therewith.

55.     Paragraph 55 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 55 not consistent therewith.

56.     Paragraph 56 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 56 not consistent therewith.

57.     Paragraph 57 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 57 not consistent therewith.

58.     Paragraph 58 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 58 not consistent therewith.

59.     Paragraph 59 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 59 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 10 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 10 of 40

60.     Paragraph 60 purports to characterize the ESA and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 60 not consistent therewith.

61.     Paragraph 61 purports to characterize the ESA and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 61 not consistent therewith.

62.     Paragraph 62 purports to characterize the ESA, the Marine Mammal Protection Act ("MMPA"), and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 62 not consistent therewith.

63.     Paragraph 63 purports to characterize the ESA and the MMPA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 63 not consistent therewith.

64.     Paragraph 64 purports to characterize the ESA, the MMPA, and implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 64 not consistent therewith.

65.     Paragraph 65 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 65 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*                    Case No.: 3:20-cv-00290-SLG
  *Bureau of Land Mgmt., et al.*                                      Page 11 of 40
State of Alaska's Answer

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 11 of 40

66.     Paragraph 66 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 66 not consistent therewith.

67.     Paragraph 67 purports to characterize the ESA and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 67 not consistent therewith.

68.     Paragraph 68 purports to characterize the ESA and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 68 not consistent therewith.

69.     Paragraph 69 purports to characterize the MMPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 69 not consistent therewith.

70.     Paragraph 70 purports to characterize the MMPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 70 not consistent therewith.

71.     Paragraph 71 purports to characterize the MMPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 71 not consistent therewith.

72.     Paragraph 72 purports to characterize the MMPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 72 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 12 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 12 of 40

73.     Paragraph 73 purports to characterize the MMPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 73 not consistent therewith.

74.     Paragraph 74 purports to characterize the ESA and the MMPA, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 74 not consistent therewith.

75.     Paragraph 75 purports to characterize the Clean Water Act ("CWA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 75 not consistent therewith.

76.     Paragraph 76 purports to characterize the CWA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 76 not consistent therewith.

77.     Paragraph 77 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 77 not consistent therewith.

78.     Paragraph 78 purports to characterize Environmental Protection Agency guidance, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 78 not consistent therewith.

79.     Paragraph 79 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 79 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 13 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 13 of 40

80.    Paragraph 80 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 80 not consistent therewith.

81.    Paragraph 81 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 81 not consistent therewith.

82.    Paragraph 82 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 82 not consistent therewith.

83.    Paragraph 83 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 83 not consistent therewith.

84.    Paragraph 84 purports to characterize the Administrative Procedure Act ("APA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 84 not consistent therewith.

85.    Paragraph 85 purports to characterize the APA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 85 not consistent therewith.

86.    Paragraph 86 purports to characterize the APA and related case law, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 86 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*                    Case No.: 3:20-cv-00290-SLG
  *Bureau of Land Mgmt., et al.*                                       Page 14 of 40
State of Alaska's Answer

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 14 of 40

# V. FACTS

87. The State admits that the NPR-A, initially known as Naval Petroleum Reserve Numbered 4, Alaska, is an ecologically rich and diverse area encompassing approximately 23 million acres. The State further admits that, in 1923, the Naval Petroleum Reserve Numbered 4, Alaska, was initially established to provide hydrocarbons for use by the United States Navy. Further, the State admits that Naval Petroleum Reserve Numbered 4 was renamed the NPR-A by the NPRPA. 42 U.S.C. § 6502. The main purpose of the NPR-A is to provide for the exploration, development, and production of hydrocarbons. *Id.* §§ 6504, 6506a. Finally, the State admits that the Secretary of the Interior may impose restrictions to protect any significant subsistence, recreational, fish and wildlife, or historical or scenic value, but only to the extent that any restriction is consistent with the purpose of the NPR-A. *Id.* §§ 6504(a), 6506a(b). The State denies any remaining allegations in Paragraph 87.

88. Paragraph 88 purports to characterize the NPRPA, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 88 not consistent therewith.

89. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 89 and, therefore, denies the same.

90. Paragraph 90 purports to characterize entries in the federal register and the Bureau of Land Management's ("BLM") Integrated Activity Plan ("IAP"), which speak

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer
Case No.: 3:20-cv-00290-SLG
Page 15 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 15 of 40

for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 90 not consistent therewith.

91.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 91 and, therefore, denies the same.

92.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 92 and, therefore, denies the same.

93.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 93 and, therefore, denies the same.

94.     Paragraph 94 purports to characterize entries in the federal register and code of federal regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 94 not consistent therewith.

95.     Paragraph 95 purports to characterize entries in the federal register, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 95 not consistent therewith.

96.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 96 and, therefore, denies the same.

97.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 97 and, therefore, denies the same.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 16 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 16 of 40

98.     Paragraph 98 purports to characterize a published research paper, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 98 not consistent therewith.

99.     Paragraph 99 purports to characterize the IAP, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 99 not consistent therewith.

100.    Paragraph 100 purports to characterize the record of decision for the IAP, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 100 not consistent therewith.

101.    Paragraph 101 purports to characterize the IAP, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 101 not consistent therewith.

102.    Paragraph 102 purports to characterize the IAP, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 102 not consistent therewith.

103.    Paragraph 103 purports to characterize BLM's approval of the Greater Mooses Tooth 1 project, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 103 not consistent therewith.

104.    Paragraph 104 purports to characterize BLM's approval of the Greater Mooses Tooth 1 project, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 104 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*    Case No.: 3:20-cv-00290-SLG
  *Bureau of Land Mgmt., et al.*    Page 17 of 40
State of Alaska's Answer

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 17 of 40

105.    Paragraph 105 purports to characterize BLM's regional mitigation strategy ("RMS"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 105 not consistent therewith.

106.    Paragraph 106 purports to characterize BLM's approval of the Greater Mooses Tooth 2 project, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 106 not consistent therewith.

107.    The State admits that the Willow discovery contains significant quantities of oil and gas.  The State has insufficient information to form a belief as to the truth of the allegations of the remainder of Paragraph 107 and, therefore, denies the same.

108.    The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 108 and, therefore, denies the same.

109.    Paragraph 109 purports to characterize Secretarial Order 3352, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 109 not consistent therewith.

110.    Paragraph 110 purports to characterize NEPA analyses prepared in relation to a proposed revision to the IAP, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 110 not consistent therewith.

111.    Paragraph 111 purports to characterize NEPA analyses prepared in relation to a proposed revision to the IAP, which speak for themselves and are the best evidence

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 18 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 18 of 40

of their contents; as such, the State denies every allegation in Paragraph 111 not consistent therewith.

112. Paragraph 112 purports to characterize NEPA analyses prepared in relation to a proposed revision to the IAP, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 112 not consistent therewith.

113. Paragraph 113 purports to characterize NEPA analyses prepared in relation to a proposed revision to the IAP, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 113 not consistent therewith.

114. Paragraph 114 purports to characterize NEPA analyses prepared in relation to a proposed revision to the IAP, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 114 not consistent therewith.

115. Paragraph 115 purports to characterize the December 31, 2020 record of decision for the revised IAP, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 115 not consistent therewith.

116. The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 116 and, therefore, denies the same.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 19 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 19 of 40

117.    The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 117 and, therefore, denies the same.

118.    The State admits that discharges of dredged or fill material into waters of the United States requires a CWA Section 404 permit.

119.    Paragraph 119 purports to characterize the draft environmental impact statement for the Willow Project ("DEIS"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 119 not consistent therewith.

120.    Paragraph 120 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 120 not consistent therewith.

121.    Paragraph 121 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 121 not consistent therewith.

122.    Paragraph 122 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 122 not consistent therewith.

123.    Paragraph 123 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 123 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 20 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 20 of 40

124.     Paragraph 124 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 124 not consistent therewith.

125.     Paragraph 125 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 125 not consistent therewith.

126.     Paragraph 126 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 126 not consistent therewith.

127.     Paragraph 127 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 127 not consistent therewith.

128.     Paragraph 128 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 128 not consistent therewith.

129.     Paragraph 129 purports to characterize the DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 129 not consistent therewith.

130.     Paragraph 130 purports to characterize the DEIS and related documents, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 130 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v. Bureau of Land Mgmt., et al.*     Case No.: 3:20-cv-00290-SLG
Page 21 of 40
State of Alaska's Answer

131.     Paragraph 131 purports to characterize the DEIS and related documents, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 131 not consistent therewith.

132.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 132 and, therefore, denies the same.

133.     Admitted.

134.     Paragraph 134 purports to characterize the supplemental DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 134 not consistent therewith.

135.     Paragraph 135 purports to characterize the supplemental DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 135 not consistent therewith.

136.     Paragraph 136 purports to characterize the supplemental DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 136 not consistent therewith.

137.     Paragraph 137 purports to characterize the supplemental DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 137 not consistent therewith.

138.     Paragraph 138 purports to characterize the supplemental DEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 138 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 22 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 22 of 40

139. Paragraph 139 purports to characterize the supplemental DEIS and related documents, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 139 not consistent therewith.

140. Paragraph 140 purports to characterize the final environmental impact statement for the Willow Project ("FEIS"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 140 not consistent therewith.

141. Paragraph 141 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 141 not consistent therewith.

142. Paragraph 142 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 142 not consistent therewith.

143. Paragraph 143 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 143 not consistent therewith.

144. Paragraph 144 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 144 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 23 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 23 of 40

145. Paragraph 145 purports to characterize the DEIS and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 145 not consistent therewith.

146. Paragraph 146 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 146 not consistent therewith.

147. Paragraph 147 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 147 not consistent therewith.

148. Paragraph 148 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 148 not consistent therewith.

149. Paragraph 149 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 149 not consistent therewith.

150. Paragraph 150 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 150 not consistent therewith.

151. Paragraph 151 purports to characterize the FEIS, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 151 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 24 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 24 of 40

152.    Paragraph 152 purports to characterize the record of decision for the Willow Project ("ROD"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 152 not consistent therewith.

153.    Paragraph 153 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 153 not consistent therewith.

154.    Paragraph 154 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 154 not consistent therewith.

155.    Paragraph 155 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 155 not consistent therewith.

156.    Paragraph 156 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 156 not consistent therewith.

157.    Paragraph 157 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 157 not consistent therewith.

158.    Paragraph 158 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 158 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 25 of 40

Case 3:20-cv-00290-SLG    Document 97    Filed 05/10/21    Page 25 of 40

159.    Paragraph 159 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 159 not consistent therewith.

160.    Paragraph 160 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 160 not consistent therewith.

161.    Paragraph 161 purports to characterize the ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 161 not consistent therewith.

162.    The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 162 and, therefore, denies the same.

163.    Paragraph 163 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 163 not consistent therewith.

164.    Paragraph 164 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 164 not consistent therewith.

165.    Paragraph 165 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 165 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 26 of 40

Case 3:20-cv-00290-SLG    Document 97    Filed 05/10/21    Page 26 of 40

166.    Paragraph 166 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 166 not consistent therewith.

167.    Paragraph 167 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 167 not consistent therewith.

168.    Paragraph 168 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 168 not consistent therewith.

169.    Paragraph 169 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 169 not consistent therewith.

170.    Paragraph 170 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 170 not consistent therewith.

171.    Paragraph 171 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 171 not consistent therewith.

172.    Paragraph 172 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 172 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 27 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 27 of 40

173.    Paragraph 173 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 173 not consistent therewith.

174.    Paragraph 174 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 174 not consistent therewith.

175.    Paragraph 175 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 175 not consistent therewith.

176.    Paragraph 176 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 176 not consistent therewith.

177.    Paragraph 177 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 177 not consistent therewith.

178.    Paragraph 178 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 178 not consistent therewith.

179.    Paragraph 179 purports to characterize the BiOp, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 179 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 28 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 28 of 40

180.    Paragraph 180 purports to characterize the December 21, 2020 Letter of Authorization ("LOA"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 180 not consistent therewith.

181.    Paragraph 181 purports to characterize the Corps' Record of Decision for the CWA 404 Permit ("Corps ROD"), which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 181 not consistent therewith.

182.    Paragraph 182 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 182 not consistent therewith.

183.    Paragraph 183 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 183 not consistent therewith.

184.    Paragraph 184 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 184 not consistent therewith.

185.    Paragraph 185 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 185 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 29 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 29 of 40

186. Paragraph 186 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 186 not consistent therewith.

187. Paragraph 187 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 187 not consistent therewith.

188. Paragraph 188 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 188 not consistent therewith.

189. Paragraph 189 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 189 not consistent therewith.

190. Paragraph 190 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 190 not consistent therewith.

191. Paragraph 191 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 191 not consistent therewith.

192. Paragraph 192 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 192 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 30 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 30 of 40

193.    Paragraph 193 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 193 not consistent therewith.

194.    Paragraph 194 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 194 not consistent therewith.

195.    Paragraph 195 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 195 not consistent therewith.

196.    Paragraph 196 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 196 not consistent therewith.

197.    Paragraph 197 purports to characterize the Corps ROD, which speaks for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 197 not consistent therewith.

198.    Paragraph 198 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 198 not consistent therewith.

199.    Paragraph 199 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 199 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 31 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 31 of 40

200.　Paragraph 200 purports to characterize the Corps ROD and FEIS, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 200 not consistent therewith.

## FIRST CLAIM FOR RELIEF

201.　The State resubmits its answers to Paragraphs 1–200 to Plaintiffs' First Amended Complaint.

202.　Paragraph 202 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 202 not consistent therewith.

203.　Paragraph 203 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 203 not consistent therewith.

204.　Paragraph 204 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

205.　Denied.

206.　Paragraph 206 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

207.　Paragraph 207 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

208.　Denied.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 32 of 40

Case 3:20-cv-00290-SLG　Document 97　Filed 05/10/21　Page 32 of 40

209.    Paragraph 209 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## SECOND CLAIM FOR RELIEF

210.    The State resubmits its answers to Paragraphs 1–209 to Plaintiffs' First Amended Complaint.

211.    Paragraph 211 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 211 not consistent therewith.

212.    Denied.

213.    Denied.

214.    Paragraph 214 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## THIRD CLAIM FOR RELIEF

215.    The State resubmits its answers to Paragraphs 1–214 to Plaintiffs' First Amended Complaint.

216.    Paragraph 216 purports to characterize NEPA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 216 not consistent therewith.

217.    Paragraph 217 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 33 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 33 of 40

218.     Paragraph 218 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

219.     Paragraph 219 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

220.     Paragraph 220 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

221.     Paragraph 221 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## FOURTH CLAIM FOR RELIEF

222.     The State resubmits its answers to Paragraphs 1–221 to Plaintiffs' First Amended Complaint.

223.     Paragraph 223 purports to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 223 not consistent therewith.

224.     The State has insufficient information to form a belief as to the truth of the allegations of Paragraph 224 and, therefore, denies the same.

225.     Paragraph 225 purports to characterize the ROD, which speak for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 225 not consistent therewith.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 34 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 34 of 40

226.   Paragraph 226 purports to characterize the FEIS, which speak for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 226 not consistent therewith.

227.   Paragraph 227 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

228.   Paragraph 228 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## FIFTH CLAIM FOR RELIEF

229.   The State resubmits its answers to Paragraphs 1–228 to Plaintiffs' First Amended Complaint.

230.   Paragraph 230 purports to characterize FLPMA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 230 not consistent therewith.

231.   Paragraph 231 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

232.   Paragraph 232 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

233.   Paragraph 233 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

234.   Paragraph 234 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
 *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 35 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 35 of 40

# SIXTH CLAIM FOR RELIEF

235. The State resubmits its answers to Paragraphs 1–234 to Plaintiffs' First Amended Complaint.

236. Paragraph 236 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 236 not consistent therewith.

237. Paragraph 237 purports to characterize the ESA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 237 not consistent therewith.

238. Paragraph 238 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

239. Paragraph 239 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

240. Paragraph 240 purports to characterize the BiOp, which speak for itself and is the best evidence of its contents; as such, the State denies every allegation in Paragraph 240 not consistent therewith.

241. Paragraph 241 purports to characterize the BiOp and related documents, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 241 not consistent therewith.

242. Paragraph 242 purports to characterize the BiOp and related documents, which speak for themselves and are the best evidence of their contents; as such, the State

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 36 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 36 of 40

denies every allegation in Paragraph 242 not consistent therewith. Further, paragraph 242 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

243. Paragraph 243 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## SEVENTH CLAIM FOR RELIEF

244. The State resubmits its answers to Paragraphs 1–243 to Plaintiffs' First Amended Complaint.

245. Paragraph 245 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 245 not consistent therewith.

246. Paragraph 246 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 246 not consistent therewith.

247. Paragraph 247 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

248. Paragraph 248 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

249. Paragraph 249 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 37 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 37 of 40

250. Paragraph 250 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## EIGHTH CLAIM FOR RELIEF

251. The State resubmits its answers to Paragraphs 1–250 to Plaintiffs' First Amended Complaint.

252. Paragraph 252 purports to characterize the CWA and its implementing regulations, which speak for themselves and are the best evidence of their contents; as such, the State denies every allegation in Paragraph 252 not consistent therewith.

253. Paragraph 253 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

254. Paragraph 254 asserts legal conclusions to which no response is required; however, to the extent that a response is necessary, the State denies the allegations.

## REQUEST FOR RELIEF

The remainder of Plaintiffs' First Amended Complaint consists of Plaintiffs' prayer for relief, to which no response is required. Insofar as a response is required, the State denies that Plaintiffs are entitled to any relief whatsoever.

## GENERAL DENIAL

The State hereby denies all allegations, whether express or implied, including any allegations reflected in section heading, in Plaintiffs' First Amended Complaint not specifically admitted herein.

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 38 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 38 of 40

# AFFIRMATIVE DEFENSES

A.     Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted.

B.     Plaintiffs lack standing to assert the causes of action contained in Plaintiffs' First Amended Complaint.

C.     This Court lacks jurisdiction over Plaintiffs' First Amended Complaint and the causes of action asserted therein.

D.     Plaintiffs' First Amended Complaint is barred by Plaintiffs' failure to exhaust administrative remedies.

E.     Plaintiffs' claims are barred by the applicable statute of limitations.

F.     The State reserves the right to assert any other claims or defenses as may be available or may become available during the course of these proceedings.

DATED: April 15, 2021.

TREG R. TAYLOR
ATTORNEY GENERAL

By:     /s/ John M. Ptacin
        John M. Ptacin
        Chief Assistant Attorney General
        Alaska Bar No. 0412106
        Ronald W. Opsahl
        Assistant Attorney General
        Alaska Bar No. NA20118

        Department of Law
        1031 West Fourth Avenue, Ste. 200
        Anchorage, AK 99501
        Phone: (907) 269-5232
        Facsimile: (907) 276-3697
        Email:  john.ptacin@alaska.gov
                ron.opsahl@alaska.gov
        *Attorneys for the State of Alaska*

*Sovereign Iñupiat for a Living Arctic, et al. v.*
  *Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 39 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 39 of 40

## Certificate of Service

I certify that on **May 10, 2021**, I caused a true and correct copy of the foregoing document to be filed using the Court's Electronic Case Files System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Hannah B. Pothast
Law Office Assistant I

*Sovereign Iñupiat for a Living Arctic, et al. v.*
*Bureau of Land Mgmt., et al.*
State of Alaska's Answer

Case No.: 3:20-cv-00290-SLG
Page 40 of 40

Case 3:20-cv-00290-SLG   Document 97   Filed 05/10/21   Page 40 of 40