Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA
1026 W. Fourth Avenue, Suite 201
Anchorage, AK 99501
Phone: (907) 276-4244
Fax: (907) 276-7110
bpsarianos@trustees.org
sbostrom@trustees.org
bbrisson@trustees.org
blitmans@trustees.org

*Attorneys for Plaintiffs*

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| SOVEREIGN IÑUPIAT FOR A LIVING ARCTIC, *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>　　　　　Defendants,<br><br>　　and<br><br>CONOCOPHILLIPS ALASKA, INC., *et al.*,<br><br>　　　　　Intervenor-Defendants. | Case No. 3:20-cv-00290-SLG |

**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**
(28 U.S.C. § 2412, FEDERAL RULE OF CIVIL PROCEDURE 54(d)(2), LOCAL CIVIL RULE 54.2)

Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, Federal Rule of Civil Procedure 54(d)(2), and Local Civil Rule 54.2, Plaintiffs Sovereign Iñupiat for a Living Arctic, Alaska Wilderness League, Defenders of Wildlife, Northern Alaska Environmental Center, and The Wilderness Society, represented by Trustees for Alaska (collectively "SILA"),[1] respectfully move the Court to award attorneys' fees and expenses from the Federal Defendants. SILA does not seek any fees or expenses from Intervenor-Defendants. In total, SILA seeks $255,562 in attorney fees and $8,890.10 in expenses under EAJA.

SILA achieved significant success in this case. SILA challenged the decision by the U.S. Department of Interior and its agencies the Bureau of Land Management (BLM) and Fish and Wildlife Service (FWS) to issue approvals for the Willow Master Development Plan (Willow). SILA brought claims for violations of the National Environmental Policy Act (NEPA), the Endangered Species Act (ESA), and the Administrative Procedure Act (APA). SILA also challenged the U.S. Army Corps of Engineers' approval for Willow under the Clean Water Act (CWA). SILA prevailed in obtaining preliminary injunctive relief and ultimately prevailed on summary judgment. The Court vacated BLM's Record of Decision approving Willow, and vacated FWS's biological opinion issued under the ESA. ECF Nos. 125, 126.

---

[1] Plaintiff Sierra Club is not applying for fees. As explained below, it is not eligible under EAJA. See *infra*, section III. To demonstrate good faith in negotiations, SILA does not seek to recover any fees for the time spent on exclusive work for this organization and have reduced the time spent working with multi-plaintiff declarants.

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG        2

SILA is entitled to an award of attorney fees, costs, and other expenses pursuant to EAJA. SILA prevailed in the litigation on claims actionable pursuant to NEPA, the ESA, and the APA. Further, SILA's fee request is reasonable because their attorneys' rates are reasonable and they only seek to recover for the hours their attorneys necessarily expended on the litigation. Finally, the expenses sought are those reasonably incurred in the litigation. This motion is supported by the declaration of Bridget Psarianos, filed concurrently,[2] as well as any reply filed subsequently.

## ARGUMENT

**I.  SILA IS ENTITLED TO AN AWARD OF FEES, COSTS, AND OTHER EXPENSES**

  **A.  SILA is Entitled to an Award Under EAJA.**

A party that prevails under a claim that arises under the ESA, NEPA, and the APA may seek attorney fees, costs, and other expenses pursuant to EAJA.[3] EAJA provides that in a civil action against the United States, a court shall award costs, fees, and expenses to eligible prevailing parties upon timely motion "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award

---

[2] SILA reserves the right to supplement their motion with additional materials in support, as well as supplemental schedules for hours expended on fee recovery. *See, e.g.*, *Singleton v. Apfel*, 231 F.3d 853, 858 (11th Cir. 2000) (permitting supplementation); *Scarborough v. Principi*, 541 U.S. 401 (2004) (substantially complete application satisfies EAJA 30-day requirement). Counsel for SILA have contacted counsel for the Federal Defendants, who consent to this approach as reflected in the Joint Motion to Stay Briefing and Submission of Additional Materials for Attorneys' Fees and Expenses, filed concurrently.

[3] 28 U.S.C. § 2412(a)(1).

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG          3

unjust."[4] SILA qualifies for attorneys' fees under EAJA because (1) the motion is timely, (2) SILA is the prevailing party, (3) SILA is eligible under EAJA for recovering fees and costs, and (4) no exception to EAJA applies.

### 1. *SILA's motion is timely.*

EAJA requires that a motion for attorneys' fees and costs be filed "within thirty days of final judgment in the action."[5] A "final judgment" is one that is "not appealable."[6] The Court entered judgment on August 19, 2021.[7] Defendants had a 60-day period following the Court's ruling to appeal.[8] The Federal Defendants did not appeal by the October 19, 2021 deadline, making any motion for attorneys' fees under EAJA due by November 18, 2021.[9] As a result, this motion is timely.

### 2. *SILA is a prevailing party.*

A prevailing party is one who achieves a "material alteration of the legal relationship of the parties" that is "judicially sanctioned."[10] Success "on any significant

---

[4] 28 U.S.C. § 2412(d)(1)(A).
[5] 28 U.S.C. § 2412(d)(1)(B).
[6] 28 U.S.C. § 2412.
[7] J. in a Civil Action, ECF No. 126.
[8] Fed. R. App. P. 4(a)(1)(B)(ii), (iii), (4)(A)(iv).
[9] 28 U.S.C. § 2412(d)(1)(B). Because the 60-day deadline to appeal ended on October 18, 2021, a legal holiday in Alaska, any appeal was due October 19. Fed. R. App. P. 26(a)(1)(C), (a)(6)(C).
[10] *Carbonell v. I.N.S.*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604–05 (2001)).

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG  4

issue in litigation which achieves some of the benefit of the parties sought in bringing suit" is sufficient.[11]

SILA is a prevailing party because they have obtained significant, judicially sanctioned relief that they sought in bringing suit. SILA sought remand, vacatur, and declaratory and injunctive relief because the Federal Defendants of approvals Willow were arbitrary and capricious.[12] The Court set aside and vacated BLM's approval of Willow under NEPA and FWS's biological opinion under the ESA, and remanded this action to the federal agencies.[13] This was the relief sought by SILA, and both of these rulings were outcome determinative. As a result, SILA is the prevailing party.

The Court should treat SILA as a prevailing party for purposes of all the claims brought in this litigation. An award of fees is presumed to include all aspects of litigation, and EAJA "favors treating a case as an inclusive whole, rather than as atomized line-items."[14] Courts have held that attorney fees awarded to plaintiffs need not be reduced if plaintiffs achieved "limited success" where claims were brought for a common purpose of halting agency actions.[15] Courts employ a two-factor test to determine whether fees

---

[11] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278 (1st Cir. 1978).
[12] Pls.' First Am. And Supp. Compl. for Declaratory & Injunctive Relief ("Am. Compl.") ¶ 5 & Request for Relief, ECF No. 36.
[13] Order re Mots. for Summ. J. at 109–10, ECF No. 125.
[14] *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 161–62 (1990).
[15] *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2019) (en banc) (citing *Hensley*, 461 U.S. at 433). The Supreme Court has held it is not "necessarily significant that a prevailing plaintiff did not receive all the relief requested." *Hensley*, 461

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG       5

should be reduced where plaintiffs prevail on some, but not all, claims for relief. First, courts look to whether the claims plaintiffs prevailed upon were related to claims that did not succeed.[16] "[R]elated claims involve a common core of facts *or* are based on related legal theories."[17] Commonality of both facts and law are not required to conclude that claims are related.[18] SILA's claims that it did not prevail upon under NEPA and the CWA arose out of the same course of conduct — the Federal Defendants failure to adequately analyze the impacts of Willow under relevant environmental laws. As such, these claims are related for purposes of an award of fees under EAJA.

The second factor courts consider is whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award."[19] Here, the Court vacated the BLM and FWS's approvals for Willow, finding violations of both NEPA and the ESA. SILA achieved a significant level of success in this litigation and received the relief requested, both at the preliminary injunction and

---

U.S. at 435 n.11.
[16] *Ibrahim v*, 912 F.3d at 1172.
[17] *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003).
[18] *Id.*
[19] *Hensley*, 461 U.S. at 434; *see also id*. at 435 ("Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.").

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG          6

summary judgement stages.[20] SILA's claims should, therefore, be treated as an inclusive whole on which they prevailed.[21]

### 3. SILA is eligible to receive an EAJA award.

Although one Plaintiff group is ineligible for fees under EAJA, each of the remaining Plaintiffs are eligible. When the complaint and amended complaint were filed, each eligible Plaintiffs had fewer than 500 full-time employees and either a net worth less than $7 million or were exempt from taxation under section 501(c)(3) of the Internal Revenue Code.[22] As such, each of the Plaintiffs moving for fees qualifies under EAJA.

One of the six plaintiffs, the Sierra Club, is ineligible under EAJA.[23] However, the presence of ineligible parties in the litigation does not reduce or otherwise lessen the eligible parties' entitlement to attorneys' fees.[24] SILA does not seek any fees for time spent communicating exclusively with the Sierra Club or preparing documents exclusively related to representing the Sierra Club.[25] As a result, the Court should not

---

[20] J. in a Civil Action, ECF No. 126; Order at 5, *Sovereign Iñupiat for a Living Arctic v. Bureau of Land Mgmt.*, Case No. 21-35085 (9th Cir. Feb. 13, 2021) (No. 36).
[21] *Id.*
[22] 28 U.S.C. § 2412(d)(2)(B); Ex. 1, Decl. of Bridget Psarianos in Supp. of Pls.' Mot. for Attorneys' Fees (Psarianos Decl.) ¶ 3.
[23] Ex. 1 (Psarianos Decl. ¶ 3).
[24] *See, e.g., Ctr. for Food Safety v. Vilsack*, No. C-08-00484, 2011 WL 6259891, *9–10 (N.D. Cal. Oct. 13, 2011) (EAJA award to eligible parties not reduced because of the presence of the Sierra Club); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at *1 n.2 (N.D. Cal. Aug. 13, 2010) (same).
[25] Ex. 1 (Psarianos Decl. ¶ 12).

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG     7

Case 3:20-cv-00290-SLG   Document 127   Filed 11/17/21   Page 7 of 14

further reduce the fees that SILA is entitled to because of the participation of the Sierra Club.

### 4. Federal Defendants cannot meet their burden of showing that an exception to EAJA applies.

Under EAJA, an award of fees to an eligible prevailing party is mandatory unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust."[26] The Federal Defendants have the burden of showing that one of these exceptions applies.[27]

"Substantially justified" means "justified in substance or in the main — that is, justified to a degree that could satisfy a reasonable person."[28] The standard requires that the government's position "have a reasonable basis in both law and fact."[29] This must be true of every position the government took, both during litigation and in taking the action that prompted the litigation.[30] Further, when the government's position was "based on an erroneous conclusion of law," it is an abuse of discretion for a district court to find that the government was substantially justified.[31]

---

[26] *Abela v. Gustafson*, 888 F.2d 1258, 1261 (9th Cir. 1989) (quoting 28 U.S.C. § 2412(d)(1)(A)); *id*. at 1266 (describing the award as "mandatory" when no exception applies).
[27] *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).
[28] *Id*. at 1258 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).
[29] *Id*.
[30] *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007); 28 U.S.C. § 2412(d)(2)(D).
[31] *Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d 871, 874 (9th Cir. 1996).

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG       8

Case 3:20-cv-00290-SLG   Document 127   Filed 11/17/21   Page 8 of 14

Federal Defendants cannot meet this burden. This case focused on the Federal Defendants' approvals of Willow, a proposed oil and gas development project on BLM-managed lands that would require the construction and operation of extensive infrastructure.[32] Willow would produce approximately 586 million barrels of oil over the life of project,[33] which would result in the release of greenhouse gas emissions when the oil is combusted at a later time.[34] The Ninth Circuit recently determined that the approach used by BLM to estimate greenhouse gas emissions for Willow was arbitrary because it failed to account for foreign greenhouse gas emissions;[35] BLM nonetheless defended its use of this approach in Willow.[36] The Court ultimately found "BLM's exclusion of foreign greenhouse gas emissions in its alternatives analysis in the EIS was arbitrary and capricious."[37]

Willow would also adversely affect polar bears, a species listed as threatened under the ESA.[38] The Court considered whether FWS complied with the ESA, which requires mitigation measures be identified with specificity[39] and that any incidental take

---

[32] Order re Mot. for Summ. J. at 3–4.
[33] *Id*. at 3–4.
[34] *Id*. at 25–26.
[35] *Ctr. for Biological Diversity v. Bernhardt*, 982 F.3d 723, 737–38 (9th Cir. 2020).
[36] Order re Mot. for Summ. J. at 31, 34.
[37] *Id*. at 109.
[38] *Id*. at 90–91.
[39] *Id*. at 99–100.

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG          9

Case 3:20-cv-00290-SLG   Document 127   Filed 11/17/21   Page 9 of 14

be authorized in a biological opinion.[40] In vacating the FWS's biological opinion, the Court stated that "[t]he incidental take statement is not in accordance with the law because it lacks the requisite specificity of mitigation measures for the polar bear. Additionally, the [incidental take statement]'s take finding with respect to the polar bear is arbitrary and capricious."[41] Thus, the Federal Defendants' position was not substantially justified.

SILA is unaware of any other special circumstances that would make an award of fees unjust.[42]

## II. SILA'S FEE AND EXPENSES REQUEST IS REASONABLE.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."[43] As explained below, SILA seeks fees only for hours reasonably expended, at reasonable hourly rates. The hours requested and the hourly rates are explained in the Declaration of Bridget Psarianos.[44] In sum, SILA seeks $255,562 in fees and $8,890.10 in expenses.

---

[40] *Id.* at 89–90.
[41] *Id.* at 109.
[42] *See* 28 U.S.C. § 2412(d)(1)(A).
[43] *Hensley*, 461 U.S. at 433.
[44] Ex. 1 (Psarianos Decl. ¶¶ 11–40).

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG      10

### A. SILA's Attorneys Are Entitled to Enhanced Rates.

EAJA establishes a maximum fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases.[45] A court may award a higher rate based on "a special factor, such as the limited availability of qualified attorneys for the proceedings involved."[46] The special factor provision "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question."[47] Environmental litigation is a recognized practice specialty meriting enhanced fees.[48] In addition to the attorney having specialized skills required by the litigation, these skills "must not be available elsewhere at the statutory rate."[49]

This case required distinctive knowledge and specialized skills in the area of federal environmental litigation involving NEPA, the ESA, the APA, the CWA, and the Naval Petroleum Reserves Production Act, and these statutes' applicability to the National Petroleum Reserve-Alaska. Trustees for Alaska attorneys who represented SILA possess the necessary skills and knowledge that were not available elsewhere at the statutory rate. SILA, therefore, seeks reasonable enhanced rates for these attorneys based

---

[45] *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (prescribing method for calculating cost of living increases); Statutory Maximum Rates Under the Equal Access to Justice Act, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.
[46] 28 U.S.C. § 2412(d)(2)(A).
[47] *Pierce v. Underwood*, 487 U.S. at 572.
[48] *Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1159–60 (9th Cir. 2008).
[49] *Id.* at 1158.

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG    11

on the prevailing market rate for attorneys of equivalent specialization, skill, and experience as described in the Declaration of Bridget Psarianos.[50]

### B. SILA's Attorneys' Hours Are Reasonable.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case; after all, [she] won, and might not have, had [she] been more of a slacker."[51] SILA seeks fees for the time summarized in the Declaration of Bridget Psarianos and Attachment A. SILA's counsel have made "a good faith effort to exclude from [its] fee request hours that are excessive, redundant, or otherwise unnecessary."[52] These exclusions are detailed in the Declaration of Bridget Psarianos.[53]

### C. SILA's Expenses Are Reasonable.

SILA is also entitled to recover their expenses under EAJA.[54] Recoverable expenses include those "ordinarily billed to a client," such as phone calls, postage, printing, and research.[55]

---

[50] Ex. 1 (Psarianos Decl. ¶¶ 21, 26, 28, 38–40).
[51] *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).
[52] *Hensley*, 461 U.S. at 434.
[53] Ex. 1 (Psarianos Decl. ¶ 11–13).
[54] 28 U.S.C. § 2412(a)(1), (d)(1)(A).
[55] *Int'l Woodworkers of Am., AFL-CIO, Local 3-98 v. Donovan*, 792 F.2d 762, 767 (9th Cir. 1985).

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG     12

Case 3:20-cv-00290-SLG   Document 127   Filed 11/17/21   Page 12 of 14

SILA seeks $8,890.10 in total expenses reasonably incurred in this litigation.[56] These expenses include filing fees for the District Court and Ninth Circuit Court of Appeals, postage and delivery, reproduction and printing, and legal research.

CONCLUSION

For the foregoing reasons, SILA respectfully requests that the Court order Federal Defendants to pay $255,562 in attorneys' fees and $8,890.10 in expenses to Sovereign Iñupiat for a Living Arctic, Alaska Wilderness League, Defenders of Wildlife, Northern Alaska Environmental Center, and The Wilderness Society.

Respectfully submitted this 17th day of November, 2021.

    s/ Bridget Psarianos
Bridget Psarianos (AK Bar No. 1705025)
Suzanne Bostrom (AK Bar No. 1011068)
Brook Brisson (AK Bar No. 0905013)
Brian Litmans (AK Bar No. 0111068)
TRUSTEES FOR ALASKA

*Attorneys for Plaintiffs*

---

[56] Ex. 1, Attach. B.

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG     13

Case 3:20-cv-00290-SLG   Document 127   Filed 11/17/21   Page 13 of 14

**CERTIFICATE OF SERIVCE**

    I certify that on November 17, 2021, I caused a copy of the PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES to be electronically filed with the Clerk of the Court for the U.S. District Court of Alaska using the CM/ECF system, which will send electronic notification of such filings to the attorneys of record in this case, all of whom are registered with the CM/ECF system.

                                                                 s/ Bridget Psarianos
                                                                 Bridget Psarianos

PLAINTIFFS' MOT. FOR ATTORNEYS' FEES AND EXPENSES
*Sovereign Iñupiat for a Living Arctic v. BLM*, Case No. 3:20-cv-00290-SLG        14

Case 3:20-cv-00290-SLG    Document 127    Filed 11/17/21    Page 14 of 14